### 48327. GURIN et al. v. HARRIS et al.

EVANS, Judge. Gurin sued Mr. and Mrs. Harris for personal injuries arising out of a collision between his motor vehicle and a car driven by Mrs. Harris. Mr. Harris was sued under the family purpose car doctrine. Mrs. Gurin also sued Mr. and Mrs. Harris for loss of consortium of her husband arising out of the same collision.

Defendants answered, and denied the material averments of the complaints, and alleged the proximate cause of the incident was

the negligence of plaintiff Gurin; that his negligence was equal to or greater than any negligence attributable to the defendants; and that in the exercise of ordinary care for his own safety, plaintiff could have avoided the collision.

Both cases were consolidated for trial, and verdict and judgment were rendered in favor of the defendants. Plaintiffs appeal. *Held:*

1. The collision occurred in a heavily congested area of metropolitan Atlanta when defendant driver, while traveling west, crossed from the inner west-bound lane (6 lanes—North Druid Hills Road) in front of stopped traffic in two inner east-bound lanes, to enter a service station. Plaintiff, while traveling east in the outside east-bound lane, allegedly was unable to stop or observe defendant crossing the highway, and struck her car on the right side as she entered to cross his traffic lane. Apparently, based on the evidence alone, since there were no pleadings raising the defense of accident, the court charged that accident was an event which occurred without being caused by the failure of either party to exercise the duty of care required by law. But under the above situation said collision could only occur as a result of the negligence of one or the other or both of the parties. The evidence is devoid of any question of accident, and the court erroneously gave the defendants a defense which they did not request in their pleadings, nor by written request to charge, nor was it authorized by the evidence. See *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (1) (22 SE2d 336); *Ault v. Whittemore,* 73 Ga. App. 16 (4) (35 SE2d 530); *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834). In the *Jones* case, supra (p. 196), we find the following: "There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody must have been at fault, and the question for the jury to determine was, who was guilty of negligence." That opinion goes on to hold that the jury's attention should not be distracted by the consideration of an impossible theory of accident.

Counsel for the defendants has cited several authorities, such as *Trammell v. Williams,* 97 Ga. App. 31 (2) (101 SE2d 887); *Caldwell v. Knight,* 94 Ga. App. 827, 828 (96 SE2d 331); and *Smith v. Poteet,* 127 Ga. App. 735, 742 (195 SE2d 213), citing *Pickering v. Wagnon,* 91 Ga. App. 610 (86 SE2d 621); *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155); and *Teppenpaw v. Blaylock,* 126 Ga. App. 576, 579 (191 SE2d 466), which seemingly hold that an accident may be a happening which, although not

wholly free from negligence, does not result from a failure of the parties to the case to exercise ordinary care in the situation. But in this case the collision could not have occurred without the negligence of one or both of the parties. Accordingly, the court erred in charging on accident, there being no evidence to support that theory, thereby giving defendants the benefit of a defense to which they were not entitled.

2. While defendant wife had pleaded guilty to a traffic violation, which adjudicates that she was guilty of negligence per se, this does not necessarily prove that her negligence was greater than that of the plaintiff, even though plaintiff did not commit negligence per se. See *Roper v. Scott*, 77 Ga. App. 120 (2) (48 SE2d 118) and *Tyson v. Shoemaker*, 208 Ga. 28, 31 (65 SE2d 163). In this case the trial court properly charged the jury that the plaintiff could not recover if his negligence was equal to or greater than any negligence chargeable to defendant. There was evidence to support this charge, despite the plea of guilty by defendant to the traffic violation.

3. No presumption is created against the defendant for failure to testify. See *Maloy v. Dixon*, 127 Ga. App. 151 (2) (193 SE2d 19), and cits. The evidence did not demand a verdict for the plaintiffs.

4. Because of the erroneous charge discussed in Division 1, a new trial will be necessary.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

Argued July 9, 1973 — Decided September 5, 1973.

*Neely, Freeman & Hawkins, Paul M. Hawkins, William Q. Bird,* for appellants.

*Dennis & Fain, Robert E. Corry, Jr.,* for appellees.