### 53572. OWENS v. THE STATE.

SMITH, Judge.

Alton Owens was convicted of theft by taking on November 5, 1976, in the Superior Court of Wilkes County and sentenced to a term of five years, with the first three years to be served in confinement and the remaining two years on probation. From this conviction he has filed his appeal.

The trial court denied movant's oral motion for a supersedeas bond made immediately after movant filed his notice of appeal to the Court of Appeals of Georgia on the ground that "it was the policy of the court not to set supersedeas bonds in criminal cases." This is an abuse of discretion even before *Birge v. State,* 238 Ga. 88. However,

subsequent to this denial, movant filed a written motion for a supersedeas bond supported by his affidavit and nine additional affidavits from Rabun County, movant's home county where he and his family have lived all their lives and where he and his family now live and where movant was living and working prior to his arrest. These nine affidavits were from residents of Rabun County as follows: the sheriff; the mayor, the chief of police; judge, court of ordinary; the chairman and also another member of the county commissioners; the president and vice president of Rabun County Bank and movant's employer. All of them stated they believed movant would return to Wilkes County if his appeal is denied.

The court denied this second application for a supersedeas bond stating that, "because of the fact that there was an outstanding warrant for the defendant's arrest for a period of more than six weeks during which time this court has reason to believe that the defendant was aware of said warrant, there is a substantial risk that if this bond is granted, the defendant will not appear to answer the judgment following conclusion of the appellate proceedings."

It must be noted that the case was tried in Wilkes County, the two horses alleged to have been stolen have been returned and movant did voluntarily surrender when the investigative authorities did not know where he was, explaining his reason for such delay on the trial of the case where he was subjected to cross examination on this matter. Also movant has no previous criminal record.

This court will not go so far as to state, at this time, that the trial court abused its discretion in denying the supersedeas bond the second time. However, in light of the above, the trial court's order denying bail is hereby vacated and the case is remanded to that court for reconsideration in accordance with the standards set in *Birge v. State,* 238 Ga. 88, supra.

*Therefore, the order denying bail is vacated and petition for bail remanded. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 28, 1977 — DECIDED JANUARY 28, 1977.

*Augustine* & *Sullivan, John F. Lyndon, Edward E. Augustine,* for appellant.

*Dennis Sanders, Assistant District Attorney,* for appellee.