## 54788. OWENS v. THE STATE.

SMITH, Judge.

Owens was convicted by the Wilkes County Superior Court on charges of theft by taking; he appealed to this court; and the trial court dismissed his appeal following his delay in filing an affidavit of poverty in response to a bill of costs for the appeal. We find that the delay was neither unreasonable nor inexcusable, so the judgment of dismissal is reversed.

On November 5, 1976, Owens was convicted and

sentenced and his notice of appeal was filed. Delays in the preparation and filing of the trial transcript were properly covered by duly filed motions for time extensions. The trial court originally denied Owens' motion for supersedeas bond, but we mandated a reconsideration (*Owens v. State,* 141 Ga. App. 154 (232 SE2d 646) (1977)) and the court finally granted the motion on March 4, 1977. Four days thereafter, Owens posted bond and returned to his home in Clayton, Georgia.

Finally, on March 28, 1977, the transcript was filed. The superior court clerk notified Owens' attorney, whose office is in Athens, that the transcript was filed and the costs were due, and the attorney thereafter contacted Owens. Owens replied that, owing to several factors, especially his prolonged incarceration until just three weeks earlier, his financial condition was desperate and his credit was overextended. Nevertheless, he said, he would try to raise funds to pay the costs. On or about April 14, Owens told his attorney that despite his best efforts he had been unable to raise the money, so the attorney prepared a pauper's affidavit and contacted Owens on April 18 to tell him to come to Athens and sign it. Owens could not arrange time away from his job until April 21, at which time he went to Athens to sign the affidavit. The attorney mailed the affidavit to Wilkes County on the next day. The total delay in responding to the notice of costs was about 23 days. Because of this delay, the state moved to dismiss the appeal, and after a hearing on the motion, the trial court granted it. *Held:*

The Appellate Practice Act provides that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit." Ga. L. 1966, pp. 493, 500 (Code Ann. § 6-809(b)). In reviewing this provision, the Supreme Court has said "that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable.* In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts." *Young*

*v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976). In reviewing the trial court's determination, we find that, under all the facts of this case, the delay was not both unreasonable and inexcusable.

*Reasonability.* In *Young,* supra, the Supreme Court went on to say, "In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." The central concern is avoiding unnecessary protraction of litigation; thus, the appellant who employs dilatory tactics runs the risk of having his appeal dismissed. *State v. Denson,* 236 Ga. 239 (223 SE2d 640 (1976)). The delay here would not serve to appreciably lengthen the litigation, especially in light of the fact that it came on the heels of a five month delay in preparation of the transcript. In other circumstances, a 23 day delay might be unreasonable, but the 23 day delay here, taken together with the reason for the delay discussed below, was not unreasonable.

*Excusability.* The state has not controverted, nor attempted to controvert, Owens' explanation for the delay. The undeniable conclusion to be reached from those undisputed facts is that the delay was excusable. It would be a poor policy of the law, indeed, to deny a party an appeal on the merits because that party made an effort to pay the costs of the appeal before finally throwing in the towel and conceding that he could not afford to pay. We do not find any support in the record for the trial court's conclusion that the delay was purposeful.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED JANUARY 26, 1978.

*Augustine & Lyndon, Edward E. Augustine, John F. Lyndon,* for appellant.

*Kenneth E. Goolsby, District Attorney,* for appellee.