## 57581. HALL v. ELLIOTT et al.

Banke, Acting Presiding Judge.

The plaintiff appeals from the denial of his motion for new trial following a verdict in favor of the defendant in a suit to recover for personal injuries received in an automobile collision. The plaintiff contended at trial that the defendant negligently caused the collision by

following too closely. The defendant contended that the proximate cause of the collision was the plaintiff's negligence in failing to give a proper turn signal and in stopping suddenly on the road. There was also considerable conflict as to whether the plaintiff's injuries were caused by the collision or whether they were pre-existing. Although the plaintiff lists 10 enumerations of error, he cites no legal authority in support of them with the exception of two statutes. *Held:*

1. Since the evidence both as to the cause of the accident and the cause of the plaintiff's injuries was in conflict, we cannot hold that the verdict was contrary to the evidence. The fact that the defendant hit the plaintiff from the rear is not conclusive of the issue of liability. See *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755) (1956); *Manglona v. Dodd,* 144 Ga. App. 338 (241 SE2d 17) (1977).

2. It was not error to refuse to allow plaintiff's counsel to question the defendant as to whether he had paid for the damage to the plaintiff's automobile. Assuming arguendo that such payment could be construed as an admission of liability by the defendant, it appears from testimony received outside the presence of the jury that the payment was made not by the defendant but by the parties' common insurance carrier.

3. The trial court did not err in allowing defense counsel to question the plaintiff as to his conduct on his job and as to certain criminal offenses he committed while in the army. These questions were relevant to show that the emotional problems which the plaintiff claimed he suffered after the collision were actually pre-existing conditions.

4. The trial court did not abuse its discretion in refusing to grant a continuance after the plaintiff discharged his counsel on the second day of the trial. See generally Code Ann. § 81-1419; *Tri-State Systems v. Village Outlet Stores,* 135 Ga. App. 81 (1) (217 SE2d 399) (1975).

5. We have carefully reviewed the remaining enumerations of error and have found them to be totally without merit.

*Judgment affirmed. Underwood and Carley, JJ.,*

*concur.*

Argued April 9, 1979 — Decided May 23, 1979 — Rehearing denied June 19, 1979 — 

*Arline S. Kerman,* for appellant.
*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Clyde Rickard,* for appellees.