58443. PRICE v. ORTIZ.

CARLEY, Judge.
Appellant brought suit against appellee on the basis of alleged medical malpractice; and after the return of a

jury verdict in favor of the defendant, appellant filed a motion for new trial which was denied by order entered on November 3, 1978. On November 13, 1978, appellant filed a notice of appeal from the order denying the motion for new trial. Evidently the record was completed in the trial court and, subject to the payment of costs, was ready for transmittal to this court on or about January 8, 1979, because on that date the trial court's clerk's office mailed the bill of costs by certified mail to appellant's counsel. According to the return receipt signed by a secretary in the plaintiff's attorney's office, the bill was received on January 11, 1979. On February 27, 1979, the costs not having been paid, appellee filed a motion to dismiss the appeal. The service copy of the motion was received by appellant's attorney on February 28, 1979, and, on the next day, said attorney paid all costs due in the trial court. Upon payment of the costs, the trial court's clerk's office transmitted the record to this court notwithstanding the pendency of appellee's motion to dismiss. By order dated March 8, 1979, this court returned the case to the trial court "for completion of final action on the motion to dismiss."

In opposition to the motion to dismiss, appellant submitted an affidavit of counsel stating that although investigation revealed that the original bill of costs was received by his secretary on the date indicated by the receipt, the same was inadvertently placed in the file and was not noticed by plaintiff's counsel.

Subsequent to hearing oral argument, reviewing briefs and considering the entire record, the trial court on May 16, 1979, entered a rather comprehensive order granting appellee's motion to dismiss the appeal. After finding the pertinent facts discussed above and after discussing the appellate decisions construing Code Ann. § 6-809 (b), the trial court concluded as follows: "In the instant case, a delay of some forty-nine days occurred between the time costs were billed and payment. The Court finds none of the reasons which have been considered excusable delay to be present here. Therefore, the delay is both unreasonable and inexcusable."

Appellant appeals from the aforesaid order dismissing her appeal.

1. Appellant first argues that appellee has waived any failure of appellant to comply with provisions of the Appellate Practice Act including timely payment of costs because prior to the entry of the order now appealed, the record was transmitted to this court. Appellant relies upon former Rule 11 (c) of this court (Code Ann. §24-3611 (c)) which was in effect at the time of the docketing of this case and provided for such waiver "unless objection thereto was made *and* ruled upon in the trial court prior to transmittal." We find appellant's strained construction of the cited rule of this court to be unacceptable, it appearing without dispute from the record that the original transmittal of the record by personnel in the trial court's clerk's office upon payment of costs was inadvertent. Indeed, this court's order recognized the premature transmittal of the record and returned the record so that the trial court could rule upon the pending motion to dismiss. Therefore, the trial court correctly heard and entered an order disposing of appellee's motion.

2. Accordingly, we move to an appellate review of the order dismissing appellant's original notice of appeal. As our statement of the procedural history of this case indicates, the trial court thoroughly reviewed the record and considered the arguments of the parties. In resolving the issue raised by appellee's motion, the trial judge applied controlling statutory and decisional law to the facts as found by him. Therefore, in entering the order dismissing the appeal, the trial court "exercised its discretion in determining that [appellant's] delay in paying costs was both inexcusable and unreasonable. This being so, we refuse to disturb the court's finding on appeal." *ITT Industrial Credit Co. v. Burnham,* 152 Ga. App. 641 (1979).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED DECEMBER 3, 1979 —

*John F. Daugherty, Michael L. Wetzel,* for appellant.

*Robert G. Tanner,* for appellee.