59991. COMPHER v. GEORGIA WASTE SYSTEMS, INC. et al.
60222. GEORGIA WASTE SYSTEMS, INC. v. COMPHER.

CARLEY, Judge.

These appeals involve a personal injury action arising out of a motorcycle-truck collision between plaintiff-motorcyclist and the driver of the truck owned by defendant, Georgia Waste Systems, Inc. The plaintiff received very serious injuries and, because of alleged amnesia, did not testify at trial. According to the driver of defendant's truck, he was traveling 30 to 40 m.p.h. in the eastbound lane of a two-lane highway when plaintiff suddenly emerged from a driveway to the driver's left and crossed both lanes of traffic. The truck driver further testified that he attempted to avoid the collision by braking and swerving into the westbound traffic lane. However, the driver testified that the motorcycle apparently made a U-turn and re-entered the westbound lane of traffic where the collision occurred. Defendant's reconstruction expert corroborated the truck driver's version of how the collision occurred. On the other hand, plaintiff's reconstruction expert testified that his examination of the physical evidence showed that defendant's version of the collision could not be correct. Also, plaintiff's counsel presented circumstantial evidence on the following theories of how the collision might have occurred: plaintiff was traveling in the westbound lane and was hit by defendant's truck after the driver crossed the center line and entered plaintiff's lane of traffic; the driver was attempting to pass the plaintiff improperly; or plaintiff was preceding the truck in the same lane of traffic when something occurred causing both vehicles to swerve to the left. The jury returned a verdict in favor of defendant. In Case Number 59991 the plaintiff appeals from the denial of his amended motion for new trial. In Case Number 60222 the defendant appeals from the denial of its motion to dismiss plaintiff's appeal. The appeals are consolidated for review and will be

considered in this single opinion.

1. The defendant urges that the trial court abused its discretion in denying its motion to dismiss plaintiff's appeal. In the instant case, a final judgment on the jury's verdict in favor of defendant was filed on January 26, 1979. Plaintiff filed a timely motion for new trial but the same was not ruled on and denied until October 4, 1979. Thereafter, plaintiff filed his notice of appeal to this court on October 9, 1979. The cost bill for preparing the record for appeal was received in the office of plaintiff's counsel on October 31, 1979. The costs were paid on December 7, 1979, the very day plaintiff's counsel received defendant's motion to dismiss the appeal.

Code Ann. § 6-809 (b) provides, in part, that the trial court may dismiss an appeal where delay in transmission of the record is both unreasonable *and* inexcusable and caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. *Young v. Climatrol &c. Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976); *Owens v. State,* 144 Ga. App. 611 (241 SE2d 485) (1978). "The trial court's decision on this issue will be reversed only for an abuse of discretion." *DuBois v. DuBois,* 240 Ga. 314 (240 SE2d 706) (1977).

The defendant cites *Cousins Mtg. &c. Invest. v. Hamilton,* 147 Ga. App. 210 (248 SE2d 516) (1978) and other decisions which suggest that a period of more than 30 days in the transmittal of the record to the appellate court be considered as a prima facie indication of an unreasonable and inexcusable delay. However, in considering the question of unreasonable delay, the Supreme Court noted that ". . . it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." *Young v. Climatrol &c. Corp.,* supra at 55. In view of the fact that it took a little over seven months to obtain a ruling on plaintiff's motion for new trial, we cannot say that a delay of 37 days in paying the bill of costs would appreciably lengthen the litigation. Furthermore, plaintiff's counsel paid the costs on the same day he received notice of defendant's motion to dismiss. Compare *Cousins Mtg. &c. Invest. v. Hamilton,* supra. We do not believe that the trial court abused its discretion in concluding that a 37-day delay, in this case, was not unreasonable.

With respect to the issue of excusability, plaintiff's counsel attributed the delay to the caseload in his office and to the medical condition of the attorney who was lead counsel during the trial of this case. As previously noted, it is uncontroverted that the costs bill was received in the office of plaintiff's counsel on October 31, 1979. Plaintiff's present counsel testified that he had no independent recollection of ever seeing the bill of costs and that it was first brought

to his attention by the receipt of defendant's motion to dismiss. It appears that the bill was found among the mail and effects of deceased co-counsel, who shortly after October 31 had been directed by his physician to cease trial duties. In light of the foregoing we find no abuse of discretion in the trial court's conclusion that the delay in this case was neither unreasonable nor inexcusable. The denial of defendant's motion to dismiss plaintiff's appeal was entirely proper under the circumstances surrounding the delay.

2. In Case Number 59991, plaintiff appeals enumerating three errors. The first enumeration of error relates to a question propounded by defense counsel regarding plaintiff's use of marijuana. As previously noted, plaintiff was not present during the trial of this case due to alleged amnesia and personality change resulting from the collision. However, plaintiff's father was called as a witness by plaintiff's counsel and testified as to the disposition, temperament, and conduct of his son during the year prior to the collision and to the change in his son's personality since the collision. At the close of direct examination of plaintiff's father, a discussion was held out of the presence of the jury regarding plaintiff's misdemeanor conviction for possession of marijuana. The court ruled that defense counsel could not put the conviction into evidence, but refused to entertain plaintiff's motion in limine to restrict the questions regarding plaintiff's use of marijuana that defense counsel might pose to the witness. Rather, the court informed counsel for plaintiff that he could "object to them as the questions are asked."

During cross examination of plaintiff's father, defense counsel asked the following question: "Are you aware before April 7th of 1977 of the use of marijuana by your son?" There was an objection and motion for mistrial on the basis that the question was prejudicial and not relevant or material to anything elicited on direct examination. The trial court sustained plaintiff's objection, denied the motion for mistrial and instructed the jury to "strike the question from your mind and memory." On appeal, plaintiff urges that the actions of the trial judge constituted error. We do not agree.

"An instruction to the jury to disregard evidence is tantamount to an exclusion. [Cit.]" *Bowman v. Bowman,* 230 Ga. 395, 396 (197 SE2d 372) (1973); *Underwood v. State,* 144 Ga. App. 684, 689 (242 SE2d 339) (1978). Furthermore, "[t]he granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Salmon v. Salmon,* 223 Ga. 129 (153 SE2d 719) (1967). We believe the curative instructions of the trial court were sufficient to correct any error

which might have occurred here and that a mistrial was not essential to preserve the right of the plaintiff to a fair trial. *Bell v. State,* 129 Ga. App. 783 (6) (201 SE2d 340) (1973); *Woods v. State,* 233 Ga. 495, 498 (212 SE2d 322) (1975).

Also, we are not convinced that the question posed by defense counsel was improper. Before being asked the question, plaintiff's father had testified as to his son's disposition, temperament and conduct prior to the collision (particularly mentioning that plaintiff was a cub scout, boy scout, and reborn Christian) and to plaintiff's changed personality and conduct since the collision. While under Code Ann. § 38-202 the general character of the parties, and especially their conduct in other transactions, are irrelevant matters, it is proper on cross examination to question a character witness regarding particular matters so as to test the extent and basis for the opinion given. *Upton v. State,* 128 Ga. App. 547, 551 (197 SE2d 478) (1973); *Franklin v. State,* 230 Ga. 291, 292 (196 SE2d 845) (1973). Thus, assuming without deciding that the father's testimony placed the plaintiff's character in issue, defense counsel's question would have been permissible. Furthermore, the cross examination regarding the witness' knowledge of his son's use of marijuana was, perhaps, relevant to show that plaintiff's personality and conduct had not changed to the extent shown by the father's testimony and, thus, might be relevant in the jury's assessment of damages. See *Hall v. Elliott,* 150 Ga. App. 323 (3) (257 SE2d 311) (1979).

For the foregoing reasons, the trial judge's refusal to grant a mistrial was, under the circumstances, within the allowable exercise of his discretion. This enumeration is without merit.

3. Secondly, plaintiff urges that the trial court erred in charging the jury as follows: ". . . [O]ne rightfully using the highway has a right to the use thereof which is superior to one who is using the highway in violation of traffic regulations. And in the absence of knowledge, the person rightfully using the highway is not required to anticipate that some other user will unexpectedly create a situation of danger." Plaintiff does not contend that the aforestated charge is an incorrect statement of the law, but rather urges that under the circumstances presented in the instant case, it is argumentative, amounts to a comment on the evidence and preponderates in favor of the defendant. We find the charge to be neither argumentative nor an impermissible comment on the evidence.

There was a conflict in the evidence adduced at trial whereby the jury could have found either party as the "one rightfully using the highway." We approved a very similar charge in a case involving conflicting evidence of "rightful use" of the highway. *Steiner v. Melvin,* 143 Ga. App. 97 (4) (237 SE2d 635) (1977). Accordingly, this

enumeration is also without merit.

4. Plaintiff's third enumeration of error concerns the trial court's charge on the law of accident. Plaintiff admits that the accident charge given by the court was a correct statement of the law but urges that it was not warranted under the facts and evidence. " 'There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care.' [Cit.] 'In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed.' [Cits.]" *Ware v. Alston,* 112 Ga. App. 627, 631 (2) (145 SE2d 721) (1965); see Code Ann. § 102-103; *White v. Hammond,* 129 Ga. App. 408, 413 (199 SE2d 809) (1973); *Davenport v. Little,* 132 Ga. App. 391 (2) (208 SE2d 179) (1974). " 'The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one.' [Cit.]" *Atlanta Coca-Cola Bottling Co. v. Jones,* 135 Ga. App. 362, 366 (218 SE2d 36) (1975); see also *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (264 SE2d 507) (1980).

In the instant action, all of the various theories proposed by plaintiff as to the circumstances surrounding the collision envisioned some negligence on the part of defendant's driver. On the other hand, defendant's driver testified that he swerved to the left and slammed on brakes because plaintiff suddenly entered the highway. In short, the defendant argued that its driver was in no manner negligent and that the collision resulted from the plaintiff's own negligence in creating an emergency situation by entering the highway without yielding the right of way, leaving the driver of defendant's truck with insufficient time to avoid the collision. There was no evidence presented which would permit the inference of any factor other than the negligence of one or the other or both parties being the proximate cause of the collision. Compare *Massey v. Ga. Power Co.,* 85 Ga. App. 593 (69 SE2d 824) (1952); *Henderson v. Lewis,* 128 Ga. App. 28 (195 SE2d 289) (1973); *Mercer v. Braswell,* 140 Ga. App. 624 (231 SE2d 431) (1976); *Gilbert v. Parks,* 140 Ga. App. 550 (231 SE2d 391) (1976); also see cases cited in *Cohran v. Douglasville Concrete Products,* supra.

As stated in *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834) (1909): "There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody

must have been at fault, and the question for the jury to determine was, who was guilty of negligence; and they should have been permitted to go directly into that question, without having their attention distracted by the impossible theory that [the injury to plaintiff] was the result of an accident." See also *Morrow v. Southeastern Stages,* 68 Ga. App. 142, 147 (22 SE2d 336) (1942); *Gurin v. Harris,* 129 Ga. App. 561 (200 SE2d 368) (1973).

As the evidence in the instant case plainly shows that plaintiff's injuries were due either exclusively to his own negligence or solely to the negligence of defendant's driver or to the negligence of both, a charge on accident was not warranted. *Henson v. Putnam,* 123 Ga. App. 254 (180 SE2d 269) (1971); *Everett v. Clegg,* 213 Ga. 168, 171 (97 SE2d 689) (1957); *Davenport v. Little,* supra; *Cohran v. Douglasville Concrete Products,* supra.

The transcript in this case shows that after the jury had deliberated for a substantial period of time the foreman sent a note to the court stating that the jury wanted "to *amend* the verdict sheet [sent out with the jury] to indicate this matter be considered an 'accident' where neither party has negligence with no damages. What would be the proper form?" The court then instructed the jury that ". . . if this jury is in unanimity that there has been no negligence on the part of either of the litigants which is the defendant or the plaintiff and that there is no damage to be awarded as a result of that, the proper form of your verdict would be, we, the jury find for the defendant." Shortly thereafter the jury returned a verdict for the defendant. Since it is clear that the charge on accident might have confused or drawn the jury away from the true issues presented by the evidence, we hold the error to be harmful. *Morrow v. Southeastern Stages,* supra at 147; *Ingram v. Jackson,* 153 Ga. App. 201 (265 SE2d 29) (1980).

*Judgment in Case Number 59991 reversed. Judgment in Case Number 60222 affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted June 16, 1980 — Decided September 9, 1980 — Rehearing denied September 24, 1980 —

*William C. Lanham, Clark H. McGehee,* for appellant.
*W. Wray Eckl, Mary E. Mann,* for appellees.