64318, 64319. McDONALD v. GARDEN SERVICES, INC. (two cases).

BIRDSONG, Judge.

In this personal injury action against the appellee, "Garden Services, Inc., d/b/a Callaway Gardens," the appellant McDonald alleges that while on the premises of Callaway Gardens as a paying customer, she stepped into an open pipe covered with leaves and pinestraw and fractured her left ankle. The appellee denied that the place where the appellant fell was on its premises or that it was engaged in business as Callaway Gardens and moved for summary judgment.

After considering the record and the arguments of counsel, the trial court granted the appellee's motion for summary judgment. Appellant McDonald filed a timely notice of appeal on December 30, 1981. On December 31, 1981, the clerk mailed a statement of costs for preparation of the record to appellant's counsel by certified mail, and it was received by that attorney on January 5, 1982. On February 5, 1982, the clerk of court signed an affidavit stating that the costs had not been paid as of that date and that the record had not been

transmitted to this court solely because of the failure to pay costs. Costs ultimately were received in the clerk's office on February 8, 1982. On that same day, February 8, Garden Services moved the trial court to dismiss the appeal pursuant to Code Ann. § 6-809 (b).

In response to the motion to dismiss the appeal, the appellant's attorney by affidavit explained that upon receiving the bill of costs on January 5, 1982, he had instructed a clerical employee to pay it immediately; that on February 5, 1982, he had checked with the clerk's office to determine why no transmittal or docketing notice had been sent to him; and that upon learning that the costs had not been received, he had caused immediately a check for the full amount of the costs to be issued and transmitted to the clerk by certified mail. Based on these facts, acting within its discretion, the trial court concluded that there had been an unreasonable and inexcusable delay in the transmittal of the record and consequently granted the motion to dismiss the appeal. Appellant filed an appeal to this order of dismissal. *Held:*

Code Ann. § 6-809 (b) provides, in pertinent part, as follows: "[T]he trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit: Provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

In order to receive the benefits of the twenty-day protection period provided by the statute, appellant's counsel should have paid the bill of costs by February 2, 1982. As indicated, the clerk's office did not receive it until after the occurrence of four more business days, on February 8.

Although appellant's attorney states he directed the immediate payment of costs, an employee mislaid the bill and it was not timely paid. The attorney then declared when he did not receive notice of transmittal of the record to the appellate court or notice of docketing, he checked with the office of the clerk of this court. However, that investigation was not started until after the statutory time allowed already had elapsed.

Factual determinations such as are involved in this dismissal are wholly within the discretion of the trial court. *Young v. Climatrol Southeast Distrib. Corp.,* 237 Ga. 53, 55 (226 SE2d 737). The only two reasons supportive of a reasonable and excusable delay in the case are (1) that the delay was only of a three-day duration, and (2) that

counsel made diligent effort to pay costs which would have been timely except for the mishandling of the bill by an employee. While this possibly would have supported a decision to deny the motion to dismiss, does it likewise support a dismissal (i. e., constitute an abuse of discretion)?

The trial court fully considered all arguments presented and in the exercise of its discretion nevertheless found the reasons neither reasonable nor excusable. We find support for each of those determinations. This court has found no abuse of discretion where an appeal was dismissed for a one-day late payment (*Pickett v. Paine,* 139 Ga. App. 508 (229 SE2d 90)); a two-day delay (*Young v. Climatrol,* supra) and a three-day delay (*ITT Indus. Credit Co. v. Burnham,* 152 Ga. App. 641, 642 (263 SE2d 482)). In the present case there is no question that appellant was afforded a full hearing on the motion to dismiss. After considering relevant matters and hearing arguments, the trial court exercised its discretion, finding the reason advanced to be both unreasonable and inexcusable. Though upon the facts presented, individual members of this court might reach a different conclusion, the trial court certainly was entitled to rely on the cases such as the ones cited hereinabove in making the determination of reasonableness and excusability. For this court now to declare that the exercise of discretion by the trial court as a fact finder in the case sub judice amounted to an abuse of discretion clearly would create judicial chaos at the trial level. In the absence of a manifest abuse of discretion, this court should not substitute its judgment for that of the trial court. We find no egregious abuse in this case.

Inasmuch as the dismissal by the trial court was not error, it is unnecessary to consider the other enumerations of error.

*Judgment affirmed. Quillian, C. J., Deen, P. J., McMurray, P. J., Shulman, P. J., Carley, Sognier and Pope, JJ., concur. Banke, J., dissents.*

DECIDED SEPTEMBER 20, 1982 —
REHEARING DENIED OCTOBER 14, 1982 —

*Richard L. Powell, Michael J. Kramer,* for appellant.
*John T. Laney III, Roy D. Moultrie,* for appellee.

BANKE, Judge, dissenting.

In order to avoid "judicial chaos at the trial level," the majority has concluded that a 4-day delay in paying costs is a sufficient cause for dismissing an appeal although appellant's counsel has diligently

attempted to pay the costs in a timely manner. Thus, having first lost her right to trial by jury on motion for summary judgment, the appellant has now lost her right of appeal through no fault of her own and no fault of her attorney. Under these circumstances, perhaps she may conclude that some judicial chaos has taken place at the appellate level as well as the trial level.

Code Ann. § 6-905 provides that the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein." While Code Ann. § 6-809 (b) empowers the trial court to dismiss an appeal upon a finding that the appellant has caused an unreasonable and inexcusable delay in the transmission of the record by failing to pay costs within the 20-day grace period, and while the appellate courts have traditionally been loath to interfere with the trial court's discretion in this regard, it does not follow that we are powerless to correct a manifest abuse of that discretion.

In the case before us now, it is undisputed that the 4-day delay in question resulted from a bona fide clerical error and that the error was discovered and corrected by appellant's counsel solely as a result of his own diligence and thoroughness in monitoring his cases. Thus, we are not dealing with a situation where the costs were finally paid in response to a motion to dismiss. On the contrary, we are apparently dealing with a situation in which the motion to dismiss was prompted by the corrective measures taken by appellant's counsel. Compare *Price v. Ortiz,* 152 Ga. App. 651 (263 SE2d 527) (1979).

This case is clearly distinguishable from the cases cited by the majority in support of its decision. In *Pickett v. Paine,* 139 Ga. App. 508 (229 SE2d 90) (1976), the appellant deliberately delayed paying the costs so that he could gain additional time to contest an order of the trial court requiring him to post supersedeas bond. In *Young v. Climatrol &c. Corp.,* 237 Ga. 53 (226 SE2d 737) (1976), the dismissal was reversed because the trial court had not exercised any discretion in determining that a 2-day delay was unreasonable as well as inexcusable. In *ITT Indus. Credit Co. v. Burnham,* 152 Ga. App. 641 (263 SE2d 482) (1979), the reasons proffered by appellant's counsel for his delay in paying the costs were not disclosed, and it does not appear that appellant's counsel exercised diligence in attempting to prevent the delay.

In *Young v. Climatrol &c. Corp.,* supra, at 55, the Supreme Court stated: "In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding

unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." I would hold under the undisputed facts of this case that the trial court abused its discretion in finding that the 4-day delay in paying costs was unreasonable and inexcusable, and I would consequently reach the merits of this appeal.