### 39316. McDONALD v. GARDEN SERVICES, INC.

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Smith, Weltner, and Bell, JJ., who dissent.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 28, 1983.

*Richard L. Powell, Michael J. Kramer,* for appellant.
*John T. Laney III, Roy D. Moultrie,* for appellee.

BELL, Justice, dissenting.

We granted certiorari to consider the affirmance by the Court of Appeals, sitting en banc, of the dismissal of Dorothy McDonald's appeal for failure to make timely payment of costs. *McDonald v. Garden Services, Inc.,* 163 Ga. App. 851 (295 SE2d 551) (1982).

McDonald was injured while visiting Callaway Gardens, and in January of 1981 filed suit in Harris Superior Court against Garden Services, Inc., a subsidiary of the Ida Cason Callaway Foundation. In November 1981 Garden Services moved for summary judgment, which was granted on December 21, 1981, and on December 30 McDonald filed a timely notice of appeal. There was no hearing transcript, and accordingly the next day the clerk of the court sent by certified mail to Richard Powell, McDonald's counsel, a notice of costs of $297.67 for preparing the record. On January 5, 1982 Powell received the notice and gave it to his secretary for payment. The secretary misplaced or lost it, and Powell did not discover the error until February 5. On that date he asked his secretary to contact the

Harris Superior Court clerk to find out why he had not yet received a notice of the appeal being docketed in the Court of Appeals. The secretary was informed by the superior court clerk that payment of costs had not yet been received by that office, and, the same day he learned this, Powell sent full payment by certified mail. This payment was received by the court clerk on February 8, twenty-four business days after Powell's receipt of notice. On that day Garden Services moved the trial court to dismiss the appeal because McDonald had not paid costs within twenty business days of receipt of notice as required by OCGA § 5-6-48 (c) (Code Ann. § 6-809), and thus, Garden Services contended, had caused an inexcusable and unreasonable delay in transmitting the record to the Court of Appeals.

The trial court held a hearing on the motion and granted it on March 1, 1982, concluding without stating its reasons that the delay of four days had been inexcusable and unreasonable. On March 5 McDonald filed a notice of appeal of the dismissal, and on April 1 the record was filed with the Court of Appeals. That court affirmed, and we granted McDonald's application for certiorari to consider what standard should be followed pursuant to OCGA §§ 5-6-30 and 5-6-48 (c) (Code Ann. §§ 6-905, 6-809) for determining whether a delay in paying costs for preparation of the record is unreasonable.

For the reasons I give below, I believe that the trial court clearly abused its discretion, in that the Court of Appeals' affirmance and our vacation of the writ of certiorari are not consistent with the intent of the Appellate Practice Act.

The prime legislative policy underlying the Appellate Practice Act is stated in OCGA § 5-6-30 (Code Ann. § 6-905): "It is the intention of this article [OCGA Ch. 5-6, Art. 2] to provide a procedure for taking cases to the Supreme Court and the Court of Appeals, as authorized in Article VI, Section II, Paragraphs IV and VIII of the Constitution of this state; to that end, this article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." In line with this policy, there are just three mandatory grounds for dismissing appeals. OCGA § 5-6-48 (b) (Code Ann. § 6-809); *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976). With respect to discretionary dismissals, OCGA § 5-6-48 (c) (Code Ann. § 6-809) provides in relevant part that, "In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the

trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

The circumstances under which a trial court is authorized to dismiss an appeal pursuant to OCGA § 5-6-48 (c) (Code Ann. § 6-809) were considered by this court in *Young v. Climatrol Southeast Distributing Corp.,* supra. In that case there was a two-day delay by appellant in paying costs. The trial court dismissed the appeal, finding only that the delay had been inexcusable. On certified question from the Court of Appeals we said that although the trial court has discretion in passing upon a motion to dismiss an appeal for failure to pay costs, it is a legal discretion, subject to review in the appellate courts, and that dismissal is authorized only if the trial court finds that both the elements of inexcusability and unreasonableness are present. *Id.* at 55.

In the instant case I agree that the four-day delay was inexcusable, *Price v. Ortiz,* 152 Ga. App. 651 (2) (263 SE2d 527) (1979), but I would follow guidelines previously enunciated by this court and the Court of Appeals to reach a different conclusion concerning reasonableness.

Although the trial court has discretion in determining whether a delay is unreasonable, its discretion is bounded by the consideration "that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." *Young,* supra at 55.

And, as was stated by Judge, now Justice Smith in *Owens v. State,* 144 Ga. App. 611, 613 (241 SE2d 485) (1978), "The central concern is avoiding unnecessary protraction of litigation; thus, the appellant who employs dilatory tactics runs the risk of having his appeal dismissed. *State v. Denson,* 236 Ga. 239 (223 SE2d 640) (1976). The delay here would not serve to appreciably lengthen the litigation, especially in light of the fact that it came on the heels of a five month delay [which had been properly covered by motions for extensions of time, id. at 612] in preparation of the transcript." *Owens* at 613. Accord, *Compher v. Ga. Waste Systems,* 155 Ga. App. 819 (1), 820 (273 SE2d 200) (1980).

Because I find that the above criteria not only serve the Appellate Practice Act's policy of hearing appeals on their merits but also leave the trial courts considerable discretion to dismiss upon failure to timely pay costs, I would have this court adopt these criteria as the standard for gauging whether a delay is unreasonable. In the

instant case, the record reveals no evidence which would support a finding of unreasonableness based on any of these criteria.

It is undisputed that McDonald's delay was not the result of dilatory tactics. In addition, appellee does not argue and the record does not show that, absent the additional delay caused by the dismissal proceedings, the delay of four days would have forced the appeal from the summary judgment to be presented on a later appellate calendar. Finally, in light of the fact that the litigation was already a year old when the summary judgment was granted, it does not appear that the delay appreciably protracted the litigation.

Today's decision to vacate the writ of certiorari leaves trial courts free to ignore OCGA § 5-6-30's (Code Ann. § 6-905) plain mandate to construe Art. 2 of Ch. 5-6 so as to bring about a decision on the merits of every case appealed, secure in the knowledge that their decisions are effectively beyond appellate review. The result, as in the instant case, will be that innocent litigants will run the risk of being arbitrarily and capriciously thrown out of court for the non-prejudicial and non-purposeful laxity of their attorneys in paying costs.

For the above reasons I would hold that the trial court abused its legal discretion, and I would reverse the decision of the Court of Appeals.

I am authorized to state that Justice Smith and Justice Weltner join in this dissent.