66146. GILLIS ENTERPRISES, INC. et al. v. JONES et al.

SHULMAN, Chief Judge.

This appeal is from a jury verdict in favor of plaintiffs/appellees for damage to their motor home and contents resulting from a fire at the gasoline service station owned by appellant Gillis Enterprises and managed by appellant Smith. The enumerations of error on appeal address the trial court's admission of one witness' testimony and the court's failure to give five jury instructions.

1. Appellants' enumeration of error addressing the testimony of appellees' expert presents nothing for review. Appellants argue on appeal that the witness was not qualified to testify as he did at trial. However, no objection to this witness' qualifications were made at trial. In fact, a review of the transcript reveals that the only "objection" to this testimony lacked specific legal grounds. "We cannot consider the objection made on appeal, which was not made during the trial." *Holiday Homes, Inc. v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608).

2. Appellants cite as error the trial court's refusal to give a charge on legal accident. An instruction on accident is improper

where the incident in question is attributable only to negligence. *Compher v. Ga. Waste Systems,* 155 Ga. App. 819 (4) (273 SE2d 200). "It has been said that 'the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate.' " *Garrett v. Brannen,* 164 Ga. App. 10 (1) (296 SE2d 205). In the present case, there was no evidence from which the jury could have concluded that the incident was " 'one which under all the circumstances could not have been prevented by the exercise of reasonable care.' " *Compher,* supra, p. 823. The undisputed evidence showed that as appellee Melvin Jones was refueling his motor home, appellant Smith was changing the filter on a pump located near the rear of Jones' vehicle. Since the pump was not completely shut off, gasoline sprayed from the pump as Smith was loosening the filter, immediately resulting in an explosion at the rear of Jones' vehicle. All of the theories proposed by the parties envisioned some negligence on the part of either Smith, in failing to shut the pump off or in failing to clear the area of vehicles prior to changing the filter; or Jones, in failing to insure that all pilot lights on his vehicle were out. A charge on accident would have been clearly improper in this case.

3. Appellants also cite as error the trial court's refusal to give their requested charges on the doctrine of emergency. A review of the evidence presented to the jury demonstrates that the emergency doctrine was inapplicable to any issue in this case. The facts relating to "emergency" cited by appellants concern the actions of Smith *after* gasoline began to flow from the pump on which he was working. The allegations of negligence on the part of Smith concern only his actions and omissions *before* that incident, and those allegations and the supportive evidence in no way raise the concept of "emergency." There were also facts indicating negligence on the part of the service station in failing to maintain adequate fire fighting equipment, but this evidence does not bring into question Smith's actions after gasoline was released from the pump, i.e., after the "emergency" was created. Smith himself testified that the explosion occurred immediately after the release of gasoline, leaving no time for preventive action, and his testimony in this respect was unrebutted and unimpeached. "[T]he emergency doctrine, by its very nature, *presupposes*" that "the defendant had ample time . . . and available courses of conduct by which he might have averted the [incident] . . . In the absence of such factors allowing quick judgment and consequent action by the one so confronted, there can be no conduct to which to apply the qualified standard, and the doctrine is thus inapplicable." *Ware v. Alston,* 112 Ga. App. 627, 631 (145 SE2d 721). Accordingly, the trial court did not err in refusing to instruct the jury

on the doctrine of emergency.

4. Appellants' fourth enumeration of error challenges the trial court's refusal to give two requested charges on proximate cause and foreseeability. The court did instruct the jury on proximate cause, but the instructions failed to include a charge on foreseeability. See *Western & Atlantic R. Co. v. Bryant,* 123 Ga. 77, 83 (51 SE 20). Appellants' brief fails to point out any reason why the refusal to give the requested charges was error, perhaps because the record does not reveal any evidence from which appellants could contend that they could not have foreseen that their alleged negligence would result in some injury. The court charged on both negligence and proximate cause, and our "review of the jury charge shows that, read as a whole, it accurately states the applicable law." *Hand v. Hand,* 244 Ga. 41, 42 (4) (257 SE2d 507). This enumeration raises no reversible error.

5. The remaining enumeration not addressed above concerns the trial court's refusal to charge on assumption of the risk. Appellants based their assumption of the risk defense on their contention that Melvin Jones entered the service station area without checking to see whether the pilot lights on his vehicle were extinguished. An accident reconstruction expert produced by appellants opined that the fire started with an explosion caused by contact of the fumes from the sprayed gasoline with the pilot light on the vehicle's hot water heater. Jones testified that he was "99.9 per cent sure that [the hot water heater pilot light] was cut off . . . I'm positive, I'm pretty much positive I cut the pilot lights off."

Although a reading of Jones' entire testimony on the subject demonstrates that he had no recollection at trial of actually turning off the pilot lights on the relevant occasion, it is clear that neither Jones' testimony nor any of the evidence presented at trial raised the issue of assumption of the risk. "The doctrine of assumption of risk presupposes knowledge of the danger assumed." *Sutton v. Sutton,* 145 Ga. App. 22, 26 (243 SE2d 310). Even if the pilot lights had not been turned off by Jones, an omission which might have constituted negligence, there is no evidence supporting the contention that he knew the pilot lights were on, or that he deliberately failed to check them, when he pulled into the service station. Thus, there is no evidence supporting the contention that he assumed the risk of the resulting explosion. The trial court did not err in refusing to instruct the jury on assumption of the risk.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 21, 1983.

*E. Bruce Benton,* for appellants.
*Mary M. Katz, Joseph H. Davis,* for appellees.