68005. DAVIS v. STRICKLAND et al.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Davis appeals from the denial of his motion for a new trial in an action against defendant-appellee Strickland and his employer to recover damages for personal injuries arising from a collision between their vehicles.

At the start of the trial, appellant's motion in limine to exclude any evidence of his conviction of possession of marijuana sometime prior to the collision was considered. The trial court in effect granted the motion by ruling that appellees could not introduce the conviction for impeachment purposes as it did not constitute moral turpitude. While the motion was being considered, appellees' counsel obtained the court's approval to ask appellant if he was smoking marijuana on the evening of the collision. When appellant was being cross-examined, he was asked and denied using marijuana the night of the collision. He was then asked, without objection, "You are a user of marijuana; aren't you . . . ?" To which appellant responded that he had been an occasional user in the past. At that point the trial court intervened saying that its ruling on the motion in limine had been violated as it had not told appellees' counsel that he could ask appellant if he was a user. The transcript does not show any specific discussion of such a question during consideration of the motion in

limine and is at best unclear whether the asking of such a question was barred by the ruling. After the intervention of the trial court appellant moved for a mistrial but the court deferred ruling on the motion. Instead, the court rebuked appellees' counsel before the jury and instructed the jury to disregard the question and answer. Subsequently, appellant renewed the motion for mistrial and, after hearing more witnesses, the court denied the motion reserving the right to reconsider the ruling depending on what the verdict was. The verdict was for appellant but no damages were awarded specifically for pain and suffering, loss of earnings, expenses and punitive damages. The issue was reconsidered in a hearing on a motion for a new trial which the court denied in an order stating that the court may have been too restrictive in ruling on the motion in limine concerning the question as to the use of marijuana. The sole issue on appeal is whether the trial court erred in denying the motion for mistrial. *Held:*

Appellant argues that the question and answer concerning his past marijuana use was prejudicial because he received no damages. He relies on several cases from other states in which motions in limine were granted which we find inapposite as they involve numerous violations of courts' rulings during trials.

A case factually similar is *Compher v. Ga. Waste Systems*, 155 Ga. App. 819 (2) (273 SE2d 200), also a vehicular collision case, where the court ruled on a motion in limine that the defendant could not introduce a conviction of the plaintiff for possession of marijuana but that objections to questions concerning plaintiff's use of marijuana would be resolved upon objection when the questions were asked. During cross-examination the plaintiff's father was asked if he knew that his son had used marijuana prior to the date of the collision. The plaintiff's objection was sustained, a motion for mistrial denied and the jury instructed to disregard the question. In finding no error, we said: " 'An instruction to the jury to disregard evidence is tantamount to an exclusion. [Cit.]' [Cits.] Furthermore, '[t]he granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with.' [Cit.] We believe the curative instructions of the trial court were sufficient to correct any error which might have occurred here and that a mistrial was not essential to preserve the right of the plaintiff to a fair trial. [Cits.]" Id. at 821-22.

Assuming arguendo that the question and answer were improper, we likewise find in the instant case that the instructions to the jury were sufficient to preserve the appellant's right to a fair trial and that the trial court did not abuse its discretion in denying the motion for a new trial.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 1, 1984.

*William C. Head, Gene Mac Winburn*, for appellant.
*J. Vincent Cook*, for appellees.