## A89A0180. LLOYD v. HODGE.
(381 SE2d 540)

Pope, Judge.

Appellant John V. Lloyd appeals the trial court's order dismissing his original notice of appeal pursuant to OCGA § 5-6-48 (c), based on the unreasonable and inexcusable delay in the transmission of the record to the appellate court resulting from appellant's failure to pay the costs of preparing the record in a timely manner.

The pertinent facts are not in dispute: On November 25, 1987, the trial court dismissed appellant's claims against appellee on the ground that the claims asserted were in the nature of a compulsory counterclaim to a pending action. On December 16, 1987, appellant filed a notice of appeal from the trial court's order. Thereafter, on December 23, 1987, the clerk of the superior court, via certified mail, sent appellant the bill for the preparation of the record on appeal. Costs were not paid and on May 9, 1988 appellee filed a motion to dismiss the appeal. Appellant responded to appellee's motion on June 7, 1988, and costs were paid on June 9, 1988. Following the requisite hearing, the trial court entered an order dismissing the appeal; the trial court also awarded attorney fees in the amount of $125 to appellee. *Held*:

"[OCGA § 5-6-48 (c)] provides, in part, that the trial court may dismiss an appeal where delay in transmission of the record is both unreasonable *and* inexcusable and caused by the failure of a party to pay costs in the trial court or file [a] pauper's affidavit. [Cits.] 'The trial court's decision on this issue will be reversed only for an abuse of discretion.' [Cit.]" *Compher v. Ga. Waste Systems*, 155 Ga. App. 819, 820 (1) (273 SE2d 200) (1980).

Appellant, an attorney who is proceeding pro se, does not dispute that he received the bill for costs, as evidenced by his signature on the certified mail receipt. Appellant argues, however, that he should be accorded special lenience because he was not actively engaged in the practice of law at the time he received the bill of costs from the clerk. However, as the trial court noted, appellant is a graduate of Emory Law School and has been a member of the Georgia Bar since 1972. Appellant failed to pay the costs of preparing the record on appeal for approximately five and one-half months. Under these circumstances, the trial court did not err in finding the delay in transmitting the transcript to be unreasonable, and to be inexcusably caused by appellant's failure to pay costs. The appeal was properly dismissed. See, e.g., *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576 (1) (373 SE2d 758) (1988); *Bouldin v. Parker*, 173 Ga. App. 526 (1) (327 SE2d 760) (1985); *McDonald v. Garden Svcs.*, 163 Ga. App. 851 (295 SE2d 551) (1982); cf. *Compher*, supra.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DISMISSED APRIL 19, 1989.

*John V. Lloyd,* pro se.
*William E. Dillard III, John M. Tatum,* for appellee.