A89A0049, A89A0050. UNIFUND GENERAL, INC. v. ORR et al.;
and vice versa.
(383 SE2d 199)

BENHAM, Judge.

In Case No. A89A0049, Unifund General, Inc. ("Unifund") appeals from the entry of summary judgment for the defendants in its

suit on a contract. In Case No. A89A0050, the defendants in the trial court appeal from the trial court's denial of their motion to dismiss Unifund's appeal for delay in having the record prepared for appeal.

1. Because the outcome of Case No. A89A0050 could affect the other case, it will be addressed first.

It is unquestioned that Unifund was more than 30 days late in paying the costs bill in the trial court. While it is true that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable (*Bouldin v. Parker*, 173 Ga. App. 526 (327 SE2d 760) (1985)), there is no authority that such a delay is conclusively unreasonable or inexcusable. The record of this case contains evidence under which the trial court was authorized to exercise its discretion and deny the motion to dismiss. There is in the record an affidavit from a clerk in the appeals section of the trial court clerk's office which stated that Unifund's counsel had been in touch with her in an effort to speed the preparation of the record. Considering that affidavit together with another affidavit by the same affiant, the trial court could infer that the contact with the clerk with regard to speeding preparation of the record occurred prior to the filing of the motion to dismiss. There was also an averment in that first affidavit, which is not directly contradicted in the record, that any delay in transmittal of the record was due to the backlog of work in the affiant's office and not to delay by Unifund or its counsel. A later affidavit recited that it was the "practice" of that section of the clerk's office to wait until the costs bills were paid before preparing records, but it did not state that the practice was followed in the present case.

The trial court, whose position for making discretionary decisions regarding events which occur at that level is far superior to ours, has considered the record and made a decision which is supported by that record. We find no abuse of discretion in that decision and affirm the denial of the motion to dismiss the appeal.

2. The evidence of record establishes that the defendants wished to purchase property which was available for $3.9 million, but had not found financing. They entered into an agreement with Unifund according to which Unifund, for a fee of $150,000, would find a party which would buy the property for $3.9 million, then contract with defendants to sell it to them for $4.9 million and lease it to defendants during the pendency of the sales contract. The defendants eventually refused to go forward after Unifund had produced a party prepared to buy and sell the property as defendants wanted. Unifund then sued defendants on the contract and, by amendment, for fraud. The trial court granted defendants' motion for summary judgment, citing as one of its reasons the facts that the contract is one for a real estate broker's fee and that Unifund is not a licensed real estate broker. We agree with the trial court's holding.

"No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in [OCGA Ch. 43-40] without alleging and proving that he was a licensed broker in Georgia at the time the alleged cause of action arose." OCGA § 43-40-24 (a). See also *Krizan v. Newman & Co.*, 246 Ga. 214 (271 SE2d 135) (1980), cited by the trial court in its order.

" 'Broker' means any person who, for a fee, commission, or any other valuable consideration or with the intent or expectation of receiving the same from another, negotiates or attempts to negotiate, or assists in procuring prospects for the listing, sale, purchase, exchange, renting, lease, or option for any real estate. . . ." OCGA § 43-40-1 (2).

Applying the foregoing authority to the facts recited above, it appears beyond peradventure that Unifund was seeking to recover a fee for being a broker. Since Unifund is admittedly not licensed as a broker, it was not entitled to bring or maintain an action for a broker's fee.

The fact that the contract specified that none of the parties was acting as a real estate broker makes no difference. "It is not the *name* one gives to a transaction, but the substance, which is material and which must be inspected and analyzed to determine its validity. Regardless of what the transaction is called, it cannot be upheld if it is prohibited by statute. [Cit.] ' "A court of justice will not lend its aid to the enforcement of any contract the making of which is prohibited. . . ." ' [Cit.]" *American Chain &c. Co. v. Brunson*, 157 Ga. App. 833, 836 (278 SE2d 719) (1981).

The trial court did not err in granting defendants' motion for summary judgment as to Unifund's contract claim.

3. Nonetheless, Unifund insists, it should be permitted to pursue a fraud claim based on misrepresentations defendants made in order to induce Unifund to enter into and perform the contract. However, "[one] may not in tort gain access to the courts where [one] may not in contract. To hold otherwise would be to undermine long-established public policy. This we refuse to do." *Thorpe v. Collins*, 245 Ga. 77, 79 (263 SE2d 115) (1980).

In sum, Unifund is attempting to recover for services it had no right at law to perform, and the courts will not aid in enforcing such claims. There was no error in granting defendants' motion for summary judgment as to all of Unifund's claims.

*Judgments affirmed. Carley, C. J., McMurray, P. J., Sognier and Pope, JJ., concur. Beasley, J., concurs in the judgment only. Deen, P. J., Banke, P. J., and Birdsong, J., dissent.*

DEEN, Presiding Judge, dissenting.

The trial court granted summary judgment for the appellees on

April 21, 1988. On May 20, 1988, Unifund filed its notice of appeal, which designated the entire record for inclusion on appeal. On May 26, 1988, the appeals clerk mailed to Unifund the costs bill for preparing the appeal record, indicating that preparation of the appeal record would not begin until payment of the costs. Unifund received this bill on May 31, 1988. Unifund's president contacted Unifund's counsel on July 7, 1988, advising him that he had been told by the clerk's office that it was behind, and requesting measures to be taken to reduce the size of the appeal record.

By July 15, 1988, Unifund still had not paid the costs, and the appellees filed their motion to dismiss pursuant to OCGA § 5-6-48 (c), on the grounds that Unifund had unreasonably and inexcusably delayed the appeal by failing to pay the costs bill in a timely manner. On July 18, 1988, Unifund's counsel contacted counsel for the appellees to discuss reduction of the record on appeal. Unifund paid the costs bill on July 19, 1988, 49 calendar days and 34 business days after its receipt of the costs bill. After Unifund's payment of the costs, the appeals clerk requested copies of documents which were listed on the docket but were not in the court's file, and on July 21, 1988, Unifund mailed in those requested documents. The trial court denied the appellees' motion to dismiss on August 29, 1988, and on September 22, 1988, the appeal was docketed with this court.

OCGA § 5-6-48 (c) provides that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court. . . ." This court has previously held that delays of over 30 days in paying the costs are prima facie unreasonable and inexcusable. *Bouldin v. Parker*, 173 Ga. App. 526 (327 SE2d 760) (1985); *Jones v. State*, 123 Ga. App. 672 (182 SE2d 190) (1971).

Unifund contends that (1) any delay was reasonable and excusable because of its efforts to reduce the appeal record, and (2) any delay in preparing the record was due to the backlog in the clerk's office. I do not believe that the record supports either contention. Unifund made no effort to reduce the appeal record until after the appellees filed their motion to dismiss. Although the record contains an affidavit of the appeals clerk, taken *after* Unifund's payment of the costs, stating that the delay in preparing the appeal record was due to the backlog of work in the clerk's office, the record also contains a later affidavit of the same clerk stating that preparation of the appeal record did not begin until the costs were paid. Under these circumstances, a delay of 34 business days must be attributed to Unifund. No valid reason or excuse having been presented, I believe that the trial court abused its discretion in denying the appellees' motion to dismiss. *Jones v. State*, supra.

Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge Banke and Judge Birdsong join in this dissent.

DECIDED JUNE 7, 1989.

*Weinstock, Scavo & Montalto, Michael Weinstock, John M. Bruce*, for appellant.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Craig A. Nance*, for appellees.

