A91A1114, A91A1366. LEONARD et al. v. OGNIO; and vice versa.
(410 SE2d 814)

McMURRAY, Presiding Judge.

Plaintiff Ognio purchased a house and lot from defendant Gerald Leonard and defendant Jeanette Leonard, former wife of Gerald Leonard. Afterwards, plaintiff discovered certain defects in the house and this action for breach of contract and fraud resulted. Plaintiff alleged that the house contained such latent defects in the sewerage system and foundation as to render the house uninhabitable, that the defects were well known to defendants, that the defects were not revealed by defendants, that the defects were unknown to plaintiff and could not be ascertained by reasonable inspection, and that the defendants concealed the defects from him. Upon the trial of the case, a jury returned a verdict in favor of plaintiff and against defendants in the sum of $20,978.54 actual damages and $6,000 punitive damages. A judgment in this amount was entered and following the denial of their motion for new trial, defendants filed their timely notice of appeal in Case No. A91A1114.

On January 8, 1991, defendants' attorney received a bill of costs for the appellate record from the clerk of the superior court. Subsequently, plaintiff filed his motion to dismiss defendants' notice of appeal on the grounds of defendants' failure to pay the costs. Defendants paid the bill of costs on February 20, 1991, and the trial court subsequently denied plaintiff's motion to dismiss defendants' notice of appeal. Plaintiff appeals in Case No. A91A1366 from the denial of his motion to dismiss defendants' appeal. *Held*:

OCGA § 5-6-48 (c) provides in part that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen

that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs." In contrast to the safe harbor of 20 days (exclusive of Saturdays, Sundays, and legal holidays) under the statute for payment of costs, this Court has held that "a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable (*Bouldin v. Parker*, 173 Ga. App. 526 (327 SE2d 760) (1985)). . . ." *Unifund General v. Orr*, 191 Ga. App. 836, 837 (1) (383 SE2d 199). The exclusion of weekends and holidays applicable to the 20 day safe harbor provision has not been mentioned in the case law in connection with the calculation of time for the over 30 day period. Indeed, in *Continental Investment Corp. v. Cherry*, 124 Ga. App. 863, 865 (1) (186 SE2d 301), this Court appears to have stated, at least implicitly, that the exclusion of weekends and holidays is not applicable to determination of the over 30 day period. Furthermore, a review of a calendar does not reveal any instances when the two rules so construed will be in conflict.

Applying these principles to the facts of the case sub judice, it is apparent that defendants delayed more than 30 days in paying costs and that such delay is prima facie unreasonable and inexcusable. However, the inference arising from the more than 30 day delay in paying costs is not conclusive and may be rebutted by evidence presented by an opposing party. *Unifund General v. Orr*, 191 Ga. App. 836, 837 (1), supra. The determination of the factual issues thus presented rests with the trial court, which is vested with a broad discretion which will not be disturbed in the absence of an abuse of discretion. *Lloyd v. Hodge*, 191 Ga. App. 355 (381 SE2d 540); *Typo-Repo Svcs. v. Bishop*, 188 Ga. App. 576, 578 (1) (373 SE2d 758).

Defendants presented two affidavits in opposition to plaintiff's motion to dismiss defendants' notice of appeal. Defense counsel's affidavit states that after he received the costs bill he caused a copy of the costs bill along with certain correspondence to be forwarded to defendants for their payment of costs. The affidavit of defendant Gerald Leonard states that he did not receive the costs bill or attached correspondence and had no knowledge of it until he was contacted by his attorney's office following the filing of plaintiff's motion to dismiss the notice of appeal. All of this might show an excuse for defendants based on an apparent failure of the post office were it not for the wording of the correspondence which accompanied the costs bill. Defense counsel's letter to his clients asked them to "[p]lease forward to this office your check . . ., so that we may pay the costs of the notice of appeal."

Defense counsel was charged with knowledge of the law which required prompt payment of costs, knew the content of his own letter, and knew he had not received the requested reply. In other words, notwithstanding the failed attempt to communicate with his clients, defense counsel had full knowledge of all of the facts and circumstances necessary to prevent an unreasonable and inexcusable delay in the payment of costs. Thus, the evidence proffered by defendants fails to present any explanation for the delay in payment of costs. In view of the more than 30 day delay in the payment of costs and the absence of any evidence as to why the delay occurred, the trial court was not authorized to exercise its discretion and deny the motion to dismiss defendants' notice of appeal. *Cousins Mtg. Investments v. Hamilton,* 147 Ga. App. 210 (248 SE2d 516); *Jones v. State,* 123 Ga. App. 672, 673-674 (182 SE2d 190). In Case No. A91A1366, the trial court's denial of plaintiff's motion to dismiss defendants' notice of appeal was an abuse of discretion and must be reversed.

*Judgment reversed in Case No. A91A1366 and appeal dismissed in Case No. A91A1114. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Joseph R. Baker,* for appellants.
*Thomas M. Stubbs, Jr.,* for appellee.