A05A0265, A05A0266. FUN FIT ENTERPRISES, INC. et al. v. HALPERN ENTERPRISES, INC.; and vice versa.
(616 SE2d 466)

MILLER, Judge.

These consolidated appeals arise out of the trial court's grant of summary judgment to Halpern Enterprises, Inc. (Halpern) on its claims for breach of contract and litigation expenses against Fun Fit Enterprises, Inc., James Mroczkowski, and Lawrence Williams (collectively referred to as Fun Fit). In Case No. A05A0265, Fun Fit appeals from the trial court's grant of summary judgment to Halpern. In Case No. A05A0266, Halpern appeals from the trial court's denial of its motion to dismiss Fun Fit's appeal. For the following reasons, we reverse the judgment in Case No. A05A0266 and dismiss the appeal in Case No. A05A0265.

*Case No. A05A0266*

Following the grant of summary judgment in favor of Halpern, Fun Fit filed a notice of appeal on March 24, 2004, and an amendment to the notice on April 2, 2004. On April 20, 2004, Fun Fit received notice via certified mail of the costs of appeal from the Gwinnett County State Court. The notice explained that Fun Fit's appeal was subject to dismissal if costs were not paid within 20 days of receipt of the notice.

On June 15, 2004, Halpern mailed a motion to dismiss Fun Fit's appeal on the ground that Fun Fit failed to pay costs. The next day, Fun Fit paid the costs of appeal. Halpern's motion was filed on June 17. On June 30, 2004, the trial court denied Halpern's motion to dismiss. It is from this order that Halpern appeals.

OCGA § 5-6-48 (c) provides that

the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was

> inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

"A trial court's decision to grant or deny a motion to dismiss an appeal under [this statute] is reviewed under an abuse of discretion standard." (Footnote omitted.) *Park Regency Partners v. Gruber*, 271 Ga. App. 66, 70 (1) (608 SE2d 667) (2004).

Here, Fun Fit did not pay costs until June 16, 2004, 29 calendar days after the 20-day safe-harbor period provided by the statute, and 57 calendar days from receipt of the trial court's notice. "[T]his Court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable." (Citations and punctuation omitted.) *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991). However, this inference may be rebutted by evidence presented by the appealing party. Id. In its response to the motion to dismiss, Fun Fit offered no concrete explanation of why costs were not paid until 57 days after notice from the trial court. Fun Fit argued only that the 30-day delay began at the end of the 20-day safe-harbor period, and that it was "strapped with the additional financial burden of acquiring a bond." Neither of these arguments is a valid excuse for the more than 30-day delay in paying costs to the trial court. First, the over-30-day period begins on the day notice is received from the trial court, *not* at the end of the 20-day safe-harbor period. See *Park Regency Partners*, supra, 271 Ga. App. at 70 (1) (47 calendar days from receipt of notice to payment of costs); *Leonard*, supra, 201 Ga. App. at 260 (43 calendar days from receipt of notice to payment of costs). Second, the obligation to post a supersedeas bond does not toll or relieve the obligation to pay costs to the trial court. See *Pickett v. Paine*, 139 Ga. App. 508, 509 (2) (229 SE2d 90) (1976).

"In view of the more than 30 day delay in the payment of costs and the absence of any evidence as to why the delay occurred, the trial court was not authorized to exercise its discretion and deny the motion to dismiss defendants' notice of appeal." (Citations omitted.) *Leonard*, supra, 201 Ga. App. at 262. We therefore reverse the judgment of the trial court.

## Case No. A05A0265

In light of our holding in Case No. A05A0266, Fun Fit's appeal from the grant of summary judgment to Halpern is hereby dismissed.

*Judgment reversed in Case No. A05A0266. Appeal dismissed in Case No. A05A0265. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 24, 2005 —
RECONSIDERATION DENIED JUNE 16, 2005.

*Michael J. Kramer*, for appellants.
*Decker, Hallman, Barber & Briggs, Stacy E. Hyken*, for appellee.