### A09A0275. THE LANGDALE COMPANY et al.
### v. LANGDALE et al.
(671 SE2d 863)

ELLINGTON, Judge.

The Langdale companies[1] appeal from an order of the Superior Court of Lowndes County dismissing the companies' notice of appeal. The Langdale companies contend the trial court abused its

---

[10] *Wharton v. Anderson,* 270 Ga. 22, 23 (1) (504 SE2d 670) (1998).

[11] *Henderson v. Morgan,* 426 U. S. 637, 647 (II) (96 SC 2253, 49 LE2d 108) (1976).

[1] The "Langdale companies" referred to in this opinion include appellants (defendants below) The Langdale Company, Langdale Forest Products Company, Langboard, Inc., Langdale Industries, Inc., and Commercial Banking Company.

discretion in dismissing the appeal, arguing that, under the totality of the circumstances, the 64-day delay in paying its bill of costs was neither unreasonable nor inexcusable. We disagree and affirm.

A trial court may dismiss an appeal, after notice and an opportunity for a hearing, "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." OCGA § 5-6-48 (c). A trial court's decision to grant or to deny a motion to dismiss an appeal under this Code section is reviewed under an abuse of discretion standard. *Battaglia v. Duke*, 230 Ga. App. 667, 669 (1) (497 SE2d 250) (1998). "When making factual determinations based upon evidence presented at a hearing on the question of dismissal, the trial court is vested with a broad discretion to decide whether the appeal should be dismissed." (Punctuation and footnote omitted.) *Park Regency Partners v. Gruber*, 271 Ga. App. 66, 70 (1) (608 SE2d 667) (2004). Absent an abuse of such discretion, the trial court's decision will not be disturbed on appeal. Id.

The undisputed facts relevant to the resolution of this dispute are as follows. On July 31, 2006, William Pope Langdale, Sr., and Robert Harley Langdale, as directors and shareholders of the Langdale companies, sought corporate documents to investigate allegations of fraud, mismanagement, and conflicts of interest to determine whether certain corporate officers had breached their fiduciary duties. When they were not allowed to see the requested records, they filed with the Superior Court of Lowndes County a Verified Application for Inspection of Books and Records pursuant to OCGA § 14-2-1604 on February 20, 2007. The trial court held a hearing on the application on April 10, 2007, and on October 5, 2007, entered an order directing the companies to allow Robert Langdale to inspect certain corporate records within 60 days of the issuance of the order. The trial court entered an order and final judgment on December 27, 2007, further ordering the companies to pay $145,000 in attorney fees pursuant to OCGA § 14-2-1604 (c). On January 25, 2008, the companies filed an appeal from the judgment. The companies requested that nothing be omitted from the record on appeal, including a transcript of the April 10, 2007 hearing. On May 9, 2008, the transcript was filed.

The Clerk of the Lowndes County Superior Court sent a bill of costs to the Langdale companies, who received it on May 20, 2008. When the companies failed to timely pay the bill of costs, the directors filed a motion to dismiss the appeal pursuant to OCGA § 5-6-48 (c) on July 23, 2008. The clerk's office received payment on the bill of costs on July 23, 2008, 64 days after counsel for the

companies received the bill. After an evidentiary hearing on the directors' motion, the trial court dismissed the appeal, finding that the companies' failure to pay costs was both inexcusable and unreasonable. The court found that the counsel for the companies should have detected any mistake in failing to pay costs earlier, and that the failure to do so prejudiced the directors by delaying the docketing of the appeal. There is no evidence in the record the underlying appeal was docketed in this Court or that any part of the record was transmitted to this Court.

The companies contend that the delay in paying the bill of costs was excusable due to a series of clerical errors that were confounded by a miscommunication between counsel and a secretary about which of the companies' lawyers would pay the bill, and that the negligible delay resulted in no prejudice to the directors, considering all the other delays that had already occurred in the litigation. We are unpersuaded by the companies' argument. The record shows that the attorney who approved the May 27, 2008, check request for payment of costs for "Preparation of Record to Court of Appeals" directed that the check be delivered to a secretary with the instructions "PLEASE HOLD CHECK FOR PAYMENT FROM CLIENT." It is also clear from the record that, despite miscommunications about who would pay the bill of costs, counsel did not make an effort to confirm that reimbursement had been made by the client or that the bill of costs had been paid within the 20-day safe harbor period of OCGA § 5-6-48 (c). Instead, the attorney waited almost two months after the bill had been received to confirm whether it had been paid. The record thus supports the trial court's finding that the delay was both inexcusable and unreasonable.

"This Court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable. However, this inference may be rebutted by evidence presented by the appealing party." (Citations and punctuation omitted.) *Cottrell v. Askew*, 276 Ga. App. 717, 718 (624 SE2d 203) (2005). We have held in a number of cases that, given facts similar to these, the trial court did not abuse its discretion in dismissing the appeal. See, e.g., *Park Regency Partners v. Gruber*, 271 Ga. App. at 70-71 (1) (608 SE2d 667) (2004) (although a 47-day delay in paying costs was caused by a law firm's malfunctioning internal procedures, dismissal was upheld); *Leonard v. Ognio*, 201 Ga. App. 260, 261-262 (410 SE2d 814) (1991) (although a 43-day delay was attributed to an interoffice miscommunication, "counsel was charged with knowledge of the law which required prompt payment of costs, knew the content of his own letter, and knew he had not received the requested reply," and the dismissal was upheld); *McDonald v. Garden Svcs.*, 163 Ga. App. 851, 851-853 (295 SE2d 551) (1982) (although payment of costs was made just four

days after expiration of twenty-day safe harbor provision, and delay was attributed to a firm's clerical error, dismissal was upheld). Because the Langdale companies have not shown that the trial court abused its discretion in dismissing the underlying appeal, we find no error and affirm.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 19, 2008.

*Powell Goldstein, Raymond J. Burby IV, Jason R. Curles, J. Converse Bright*, for appellants.

*Langdale & Vallotton, William P. Langdale, Jr., W. Pope Langdale III, McKenna, Long & Aldridge, David Balser, Nathan L. Garroway*, for appellees.