A10A0620. WORLEY v. THE WINTER CONSTRUCTION
COMPANY et al.
(695 SE2d 651)

JOHNSON, Judge.

On November 2, 2007, Jo Worley filed a complaint against The Winter Construction Company and Big Dog Demolition, Inc., alleg-

---

ing that on November 19, 2005, she was injured when she tripped over a pipe at a construction site inside Perimeter Mall. Worley did not formally serve Winter Construction with the summons. Rather, she notified Winter Construction of the lawsuit and asked that it waive formal service. Among other things, the notice stated that if Winter Construction did not waive service, Worley would take the appropriate steps to effect formal service. Winter Construction did not waive service, and the two-year statute of limitation expired on November 19, 2007. A month later, Winter Construction filed an answer which asserted the defenses of insufficiency of service of process and expiration of the statute of limitation. Thereafter, Worley still did not perfect service of the summons on Winter Construction, and on May 21, 2008, Winter Construction filed a motion to dismiss or alternatively for summary judgment due to the lack of service and expiration of the statute of limitation. Big Dog Demolition also filed an answer and moved for summary judgment. The trial court dismissed the action against Winter Construction with prejudice and granted summary judgment to Big Dog Demolition. Worley appeals.

1. Worley contends that the trial court erred in granting Winter Construction's motion to dismiss because the motion was served on Worley by e-mail under the trial court's electronic filing system, which did not comply with the version of OCGA § 9-11-5 in effect at the time of the motion.[1] However, even if this actual e-mail notice was deficient under the version of the Code section then in effect, we will affirm the trial court's dismissal of the action if it is right for any reason.[2]

"Where there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit."[3] Thus, even though Winter Construction learned of the lawsuit, it did not waive formal service of process, and Worley was required to comply with the necessity of such service. In that regard,

> OCGA § 9-11-4 (c) provides that when service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the

---

[1] Although not in effect when the motion to dismiss in this case was filed, the current version of OCGA § 9-11-5 (b) permits pleadings filed after July 1, 2009, to be served by e-mail transmission provided certain requirements are met.

[2] See *Plumlee v. Davis*, 221 Ga. App. 848, 853 (3) (473 SE2d 510) (1996) (judgment right for any reason will be affirmed).

[3] (Citation and punctuation omitted.) *Sykes v. Springer*, 220 Ga. App. 388, 390 (3) (469 SE2d 472) (1996).

summons and complaint; but failure to make service within the five-day period will not invalidate a later service. It is undisputed that no [such later] service was ever attempted upon [Winter Construction]. It follows that no valid suit was instituted against [Winter Construction]. Relation back is, indeed, irrelevant.[4]

Consequently, since no valid suit was instituted against Winter Construction, the trial court's dismissal of such an invalid action was proper regardless of Winter Construction's allegedly deficient service of its motion to dismiss and the trial court's judgment shall be affirmed under the right for any reason rule.[5]

2. Worley contends the trial court erred in not allowing oral argument when Winter Construction requested oral argument on its motion for summary judgment. Worley relies on Uniform Superior Court Rule (USCR) 6.3, which provides, in pertinent part:

... [O]ral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading ... provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

Here, however, the trial court did not grant Winter Construction's motion for *summary judgment* without a hearing. Instead, the court granted Winter Construction's motion to *dismiss* without a hearing (two months after the motion was filed and after no response was filed by Worley). We point out that the defense of insufficiency of service of process is not properly a basis for a motion for summary judgment, but is a basis for a motion to dismiss.[6] USCR 6.3 and the cases upon which Worley relies are inapplicable to a motion to dismiss.[7] Under USCR 6.3, a motion to dismiss can be decided without oral hearing. This enumeration is without merit.

3. Worley contends the trial court erred in not allowing oral argument pursuant to Big Dog Demolition's summary judgment motion. However, because Big Dog Demolition did not request oral argument, it was incumbent on Worley to request a hearing within five days after the time for her response to Big Dog Demolition's

---

[4] (Citations and punctuation omitted.) *Plumlee*, supra at 851 (1).

[5] See *Craigo v. Azizi*, 301 Ga. App. 181, 187 (3) (687 SE2d 198) (2009) (dismissal of complaint affirmed under right for any reason rule).

[6] *McCullers v. Harrell*, 298 Ga. App. 798, 800 (2) (681 SE2d 237) (2009).

[7] See *Stewart v. Turner*, 229 Ga. App. 119, 120 (1) (493 SE2d 251) (1997).

motion.[8] Worley never filed a response to Big Dog Demolition's motion for summary judgment nor requested a hearing regarding the summary judgment motion. There was no error.

4. Worley contends the trial court erred in denying her request for oral argument on her Motion to Reconsider and Vacate. Worley made her oral argument request pursuant to USCR 6.3. However, USCR 6.3 specifically provides that, unless otherwise provided by the court, motions other than those for new trial and judgment notwithstanding the verdict (or for summary judgment with a proper hearing request) are to be decided *without* oral hearing.[9] We note that a motion to reconsider can be ruled upon by the trial court without notice to either party,[10] and prior to the expiration of the time period within which a party is allowed to respond.[11] Worley has not shown she had a right to oral argument on the motion to reconsider and vacate the order.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED APRIL 28, 2010 —
RECONSIDERATION DENIED MAY 27, 2010.

*Daniel K. McCall*, for appellant.

*Mabry & McClelland, James T. Budd, David T. Markle, Brett A. Miller*, for appellees.

---

[8] USCR 6.3.

[9] USCR 6.3 provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. . . ."

[10] *Rogers v. Rockdale County*, 187 Ga. App. 658, 660 (1) (371 SE2d 189) (1988).

[11] *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 792 (1) (476 SE2d 265) (1996).