**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A1920.  CENTRAL  GEORGIA  DEVELOPMENT  GROUP,
      INC., et al. v. SYNOVUS BANK f/k/a COLUMBUS BANK
      AND TRUST COMPANY.

RAY, Judge.

Central Georgia Development Group, Inc., Thomas Mark Willett and David Willett (collectively, the "Appellants") appeal from an order of the Walton County Superior Court dismissing their notice of appeal for failure to pay timely the costs of the appeal. In several related enumerations of error, Appellants contend that the trial court abused its discretion in dismissing the appeal, arguing that the trial court erroneously determined that their delay in paying the bill of costs was prima facie unreasonable and that it was not authorized to exercise its discretion to deny the

Synovus Bank's (the "Bank") motion to dismiss.[1] Appellants also contend that any delay in the payment of the bill of costs was not unreasonable because it did not delay their appeal or prejudice the Bank. We disagree and affirm.

The Bank sued Appellants seeking to collect on three promissory notes and guaranties. After discovery, the Bank filed a motion for partial summary judgment seeking recovery of the amounts owed.[2] The trial court granted summary judgment in favor of the Bank , and the Appellants filed a notice of appeal on November 14, 2011.

The Clerk of the Superior Court of Walton County mailed the bill of costs associated with the appeal to Appellants on December 12, 2012. The return receipt filed in the court's clerk's office shows that Appellants' law firm received the bill of costs on December 14, 2012. On January 20, 2012, the Bank filed its motion to dismiss the appeal due to Appellants' failure to pay timely the bill of costs. Appellants responded by admitting that their counsel's law firm received the bill of

---

[1] We note that the trial court, in ruling that it "cannot exercise its discretion to deny the motion to dismiss the appeal," stated that even if it were to exercise its discretion, that "the motion to dismiss would [still] be granted."

[2] The Bank's claims for attorney fees were still pending before the trial court, but were dismissed after the grant of its motion for partial summary judgment, thereby rendering the grant of the motion for partial summary judgment a final order.

costs on December 14, 2012, but asserting that Appellants' counsel was unaware of the bill of costs until the first week of January. After receiving the motion to dismiss, Appellants paid the costs on January 20, 2012, which was 37 calendar days after receipt of the bill of costs.

The trial court held a hearing on the Bank's motion to dismiss and considered evidence submitted by both parties. The trial court granted the Bank's motion to dismiss, finding that Appellants' delay in paying the costs was prima facie unreasonable and inexcusable, and that Appellants failed to rebut this prima facie presumption. Appellants then filed a notice of appeal with this Court seeking review of that order.

A trial court may dismiss an appeal, after notice and an opportunity for a hearing,

> where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by a failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt

by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.[3]

Thus, OCGA § 5-6-48 (c) "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal."[4] A trial court's decision to grant or deny a motion to dismiss an appeal under this Code section is reviewed under an abuse of discretion standard.[5]

1. In two enumerations of error, the Appellants argue that the trial court abused its discretion in calculating the number of days that Appellants were delayed in paying the bill of costs and in determining that Appellants did not present sufficient evidence to rebut the presumption that such delay was prima facie unreasonable. We disagree.

---

[3] OCGA § 5-6-48 (c).

[4] *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011).

[5] Id.

The period for determining the delays begins on the day notice is received from the trial court.[6] "This Court has held that a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable."[7] Here, the trial court measured the delay in calendar days between December 14, 2011, when Appellants' law firm received the bill of costs, and January 20, 2012, when the costs were paid, and found that the delay exceeded thirty days, and thus, was prima facie unreasonable.

Appellants contend that the exclusion of weekends and holidays applicable to the 20-day safe harbor provision provided by OCGA § 5-6-48 (c) should also apply to the trial court's calculation of the 30-day period an appealing party has to pay the bill of costs, and thus, that their delay in paying the costs was shorter than 30 days. However, Appellants have cited no case law indicating that the 30-day period is to be calculated in any manner other than by calendar days. This Court has routinely

[6] *Fun Fit Enterprises, Inc. v. Halpern Enterprises, Inc.*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005).

[7] (Citations and punctuation omitted.) Id.

5

calculated the delays in payment of costs by calendar days, not by business days.[8]

Further, this Court in *Leonard v. Ognio*[9] held that

> [t]he exclusion of weekends and holidays applicable to the 20 day safe harbor provision has not been mentioned in the case law in connection with the calculation of time for the over 30 day period. Indeed in *Continental Investment Corporation v. Cherry*,[10] this Court appears to have stated . . . that the exclusion of weekends and holidays is not applicable to a determination of the over 30 day period. Furthermore, a review of a calendar does not reveal any instances when the two rules so construed will be in conflict.[11]

---

[8] See *Fun Fit Enterprises, Inc.*, supra. (calculating delay as "57 calendar days from receipt of the trial court's notice"); *Hooper v. Southern Bell Telephone & Telephone Co.*, 195 Ga. App. 629, 630 (2) (394 SE2d 798) (1990) (calculating delay of 54 calendar days from receipt of bill of costs); *The Langdale Co. v. Langdale*, 295 Ga. App. 372, 373 (671 SE2d 863) (2008) (calculating delay of 64 calendar days from receipt of bill of costs).

[9] 201 Ga. App. 260 (410 SE2d 814) (1991).

[10] 124 Ga. App. 863, 865 (1) (186 SE2d 301) (1971).

[11] *Leonard*, supra at 261. Appellants claim that the facts of the present case establish that the conflict contemplated by this Court in *Leonard* can exist. Appellants argue that when properly excluding weekends and legal holidays in calculating the 20-day statutory safe harbor period, the statutory deadline for payment of the bill of costs was January 13, 2011, the same date the bill of costs would be required to be filed under the 30-day period as calculated in calendar days. However, we see no conflict because it does not present a situation in which the 30-day period expired before the 20-day statutory safe harbor period.

Applying these principles to the facts of the case sub judice, it is apparent that the Appellants delayed 37 days in paying costs and that such delay is prima facie unreasonable and inexcusable. However, "the inference arising from the more than the 30 day delay in paying costs is not conclusive and may be rebutted by evidence presented by an opposing party."[12] "When making factual determinations based upon evidence presented at a hearing on the question of dismissal, the trial court is vested with a broad discretion to decide whether the appeal should be dismissed."[13] Absent an abuse of discretion, the trial court's decision will not be disturbed on appeal.[14]

At the hearing on the motion to dismiss, Appellants' counsel attempted to rebut the prima facie presumption that the delay was unreasonable. He stated that although he had confirmed that his law firm did receive the bill of costs on December 14, 2011, neither he nor the counsel for other defendant's were "aware of it until the first week of January of 2012. Where it was in the meantime, I honestly can't provide you with an explanation today." Appellants' counsel further noted that he did not pay the bill

---

[12] (Citation omitted.) *Leonard*, supra.

[13] (Punctuation and footnote omitted.) *Park Regency Partners, L.P. v. Gruber*, 271 Ga. App. 66, 70 (1) (608 SE2d 667) (2004).

[14] Id.

of costs until a few weeks later when his firm received the motion to dismiss on January 20, 2012. On appeal, Appellants argue that the trial court misinterpreted the law as requiring "a 'really good reason' for any delay in order for the prima facie case of unreasonableness to be rebutted." However, this Court has held in a number of cases with facts similar to these that where the delay was attributable to a law firm's oversight or miscommunication, the trial court did not abuse its discretion in dismissing the appeal.[15]

2. Based on our holding in Division 1, we need not address the Appellants' remaining enumerations of error.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[15] See, e.g., *The Langdale Co.*, supra at 374 (finding that counsel's explanation that the delay was a result of mis-communication between attorney and his secretary as to which company would pay the bill did not rebut the presumption that a 64-day delay was prima facie unreasonable); *Park Regency Partners*, supra. at 70-71 (although a 47-day delay in paying was caused by law firm's malfunctioning internal procedures, dismissal was upheld); *McDonald v. Garden Svcs. Inc.*, 163 Ga. App. 851, 851-853 (295 SE2d 551) (1982) (dismissal upheld when payment of costs was delayed by four days and delay was attributed to a firm's clerical error).