**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 15, 2018**

# In the Court of Appeals of Georgia

A17A1370. WEBB'S ERECTION, INC. et al. v. COLONIAL
PACIFIC LEASING CORPORATION.

MCFADDEN, Presiding Judge.

This is an appeal from the trial court's dismissal of a notice of appeal under

OCGA § 5-6-48 (c). The trial court expressed alternative grounds for his ruling,

holding that the notice of appeal should be dismissed both because the appellants did

not pay the costs of appeal for 70 days after receiving notice of those costs and

because the appellants did not cause the transcript of a summary judgment hearing to

be filed. Because the trial court was within his discretion to dismiss the notice of

appeal for the untimely payment of costs, we affirm. Consequently, we do not

consider either the merits of the trial court's alternative ground for dismissal or the

merits of the appellants' claim that the trial court erred in the underlying summary judgment ruling.

1. *Delay in payment of costs*.

Among other reasons, OCGA § 5-6-48 (c) permits a trial court to dismiss an appeal, after notice and opportunity for a hearing, "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court[.]" We review a trial court's ruling on a motion to dismiss an appeal pursuant to this Code section

> under an abuse of discretion standard. When making factual determinations based upon evidence presented at a hearing on the question of dismissal, the trial court is vested with broad discretion to decide whether the appeal should be dismissed. Absent an abuse of such discretion, the court's decision will not be disturbed on appeal.

*Park Regency Partners v. Gruber, L. P.*, 271 Ga. App. 66, 70 (1) (608 SE2d 667) (2004) (citations and punctuation omitted).

The record in this case shows that on July 11, 2016, the appellants filed a notice of appeal from a grant of summary judgment to the appellee. The trial court issued a bill of costs to the appellants on July 26, 2016. The appellants did not pay

2

the costs until October 4, 2016. The appellee moved to dismiss the notice of appeal under OCGA § 5-6-48 (c), asserting, among other things, that this delay in paying costs delayed the docketing of the appeal.

After a hearing, the trial court granted the appellee's motion and dismissed the appeal. The appellants argue that this was an abuse of discretion because the trial court "never assessed or determined the element of unreasonableness" and "made no actual findings of the elements needed to support dismissal," because the trial court improperly presumed that the appellants' delay in paying the costs was unreasonable, and because the appellee did not present evidence that the appellants' delay in paying costs was unreasonable. We are not persuaded.

The record shows that the trial court made the required findings before exercising his discretion in dismissing the appeal, and that the trial court made a determination regarding unreasonableness. Under OCGA § 5-6-48 (c), a trial court shall exercise discretion in deciding whether to dismiss an appeal only after determining "the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable[.]" *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011). In the dismissal order, the trial court expressly found that the appellants did not pay the bill of costs until 70 days after it

was issued, that this delay was prima facie unreasonable and inexcusable, and that the appellants offered no reason or justification for the delay. The trial court concluded that, "based on [the appellants'] unreasonable and inexcusable delay in paying costs, [the appellee's] Motion is **GRANTED**." The order "demonstrate[s] that [the trial court] considered the relevant factors delineated in OCGA § 5-6-48 (c)." *Callaway v. Garner*, 340 Ga. App. 176, 180-181 (1) (796 SE2d 906) (2017). To require more specific terminology in the order "would be to elevate form over substance, and that is not something OCGA § 5-6-48 (c) requires." Id. at 181 (1).

Contrary to the appellants' argument, the trial court was authorized to presume that the appellants' delay in paying costs was unreasonable and inexcusable because that delay was more than 30 days. "[A] delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable." *Central Ga. Dev. Group v. Synovus Bank*, 320 Ga. App. 893, 894 (1) (740 SE2d 812) (2013) (citation and punctuation omitted). "[T]his inference may be rebutted by evidence presented by the *appealing* party." *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005) (citation and punctuation omitted; emphasis supplied). Consequently, the appellants bore the burden of presenting evidence rebutting the presumption that their 70-day delay in paying costs was unreasonable.

4

In the dismissal order, the trial court expressly found that the appellants did not meet their evidentiary burden. And because the appellate record does not contain a transcript of the hearing on the motion to dismiss the appeal, we presume that the evidence presented at that hearing supported the trial court's finding. See *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (1) (695 SE2d 586) (2010) ("In accordance with the presumption of regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings.") (citations, punctuation, and emphasis omitted). "[T]herefore, we cannot say that the court abused [his] broad discretion in dismissing the appeal." *Park Regency Partners*, 271 Ga. App. at 71 (1) (citation omitted) (trial court authorized to dismiss where appellant had not paid bill of costs received 47 days earlier and had not presented evidence that rebutted the presumption that this delay was unreasonable and inexcusable). We affirm the ruling on that ground.

2. *Failure to file transcript.*

Given our decision to affirm the dismissal based on the delay in paying costs, we do not need to consider the merits of the trial court's alternative ground for dismissing the appeal — that the appellants' failure to file a transcript of the hearing on their summary judgment motion caused a delay in the transmission of the appellate

record. See OCGA § 5-6-48 (c) (permitting trial court to dismiss appeal where there has been unreasonable delay in transmission of appellate record "because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court").

We take this opportunity, however, to note that the appellants used ambiguous language in their notice of appeal that made it unclear whether they wished the trial court clerk to wait for such a transcript before transmitting the appellate record to this court. OCGA § 5-6-43 (a) requires the clerk of the trial court to transmit the record to the appellate court within five days after the date of filing the transcript of evidence and proceedings, or within twenty days after the date of the filing of the notice of appeal if no transcript of evidence and proceedings is to be sent up. It is, therefore, imperative that an appellant's notice of appeal inform the trial court clerk whether or not a transcript is to be sent to the appellate court. See OCGA § 5-6-37. To meet this requirement, OCGA § 5-6-51 suggests that a notice of appeal include the following language: "Transcript of evidence and proceedings will/will not be filed for inclusion in the record on appeal." This statutory language informs the clerk of the trial court whether he or she may transmit the record immediately or must wait for the appellant to file a transcript.

Of course counsel can and should vary that language when appropriate. For example, greater specificity will often be the better practice when transcripts from multiple proceedings are to be filed.

The appellants' notice of appeal did not include the language proposed by OCGA § 5-6-51. Instead, their notice of appeal stated: "The Clerk of Court is further requested to transmit all transcripts of any hearings or proceedings as part of the record on appeal." When the appellants filed this notice of appeal, there was a transcript of an earlier summary judgment hearing that was already on file, but the appellants had not filed a transcript of a second summary judgment hearing relevant to the appeal. It is not clear from the appellants' notice of appeal whether the trial court clerk was to wait for this second transcript or send the record with only the transcript already on file. The language in OCGA § 5-6-51 would have resolved this ambiguity.

3. *Challenge to the underlying summary judgment ruling.*

Because the trial court did not err in dismissing the appeal, we do not address the merits of the appellants' claim of error regarding the underlying summary judgment ruling.

*Judgment affirmed. Branch and Bethel, JJ., concur.*

7