**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 14, 2019**

# In the Court of Appeals of Georgia

A19A0352, A19A0532. BRILEY-HOLMES v. HILL; and vice versa. GS-013

GOSS, Judge.

These companion appeals arise from a contempt adjudication against Shannon Briley-Holmes entered in the course of post-judgment proceedings. In Case No. A19A0352, Briley-Holmes asserts that the trial court erred when it ordered her incarcerated for contempt and when it denied her motion to set aside that judgment. In Case No. A19A0532, Don Hill argues that the trial court erred when it denied his motion to dismiss Briley-Holmes's notice of appeal because there was no evidence to show why Briley-Holmes failed to file her affidavit of indigence in a timely way. Because Briley-Holmes has failed to rebut our law's presumption that a more than 30 day delay between her constructive notice of the costs associated with preparing the

appellate record and the filing of her affidavit is unreasonable and inexcusable, we reverse in Case No. A19A0532 and dismiss Case No. A19A0352 as moot.

A trial court may dismiss an appeal, after notice and an opportunity for a hearing,

> where there has been an *unreasonable delay* in the transmission of the record to the appellate court, and it is seen that the delay was *inexcusable* and was *caused by a failure of a party to pay costs in the trial court or file an affidavit of indigence*; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

(Emphasis supplied.) OCGA § 5-6-48 (c). The statute "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal." (Footnote and punctuation omitted.) *Central Ga. Dev. Group v. Synovus Bank*, 320 Ga. App. 893, 894 (740 SE2d 812) (2013). We thus review a trial court's decision to grant or deny a motion to dismiss an appeal for failure to pay costs only for an abuse of discretion. Id. When a party fails to present any explanation for a failure to timely pay costs or file an

2

affidavit of indigence, however, the trial court lacks any discretion and is required to dismiss the appeal. *Leonard v. Ognio*, 201 Ga. App. 260, 261 (410 SE2d 814) (1991) (reversing a trial court's denial of a motion to dismiss an appeal for failure to pay costs when the party opposing the motion "fail[ed] to present any explanation for the delay").

Briley-Holmes has not filed a cross-appellee's brief in Case No. A19A0532, with the result that we are entitled to accept Hill's statement of facts as true. Court of Appeals Rule 25 (b). The relevant facts are undisputed, however. On February 8, 2018, the trial court filed a judgment finding Briley-Holmes in contempt of court for failing to respond to Hill's post-judgment interrogatories and denying her motion to set aside an earlier order of incarceration arising from the same subject matter.[1] On March 9, 2018, Briley-Holmes filed a notice of appeal from this judgment; on March 12, she filed an amended notice of appeal. On April 23, 2018, the Fulton County State Court Clerk's office sent notice to Briley-Holmes that she was required to pay $1750, "the cost of preparing the file to go to the Georgia Court of Appeals," within 20 days "exclusive of weekends and legal holidays after receiving this bill . . . or [her] appeal

---

[1] The court had previously found Briley-Holmes in contempt in August 2016. Subsequently, in June 2018, she was disbarred as an attorney in Georgia. See *In re Briley-Holmes*, 304 Ga. 199, 208-209 (815 SE2d 59) (2018).

may be subject to dismissal." The notice was sent via certified mail to Briley-Holmes at her address of record, and stamped received there as a "first notice" on April 26, but was returned to the clerk's office as "unclaimed" on May 30.

On June 11, 2018, Briley-Holmes filed an affidavit of indigence stating her then-current income and expenses and that she was "unable to pay any costs in the foregoing matter." The affidavit contained no reference to or explanation of any delay, however. On the same day, Hill moved to dismiss the appeal due to Briley-Holmes's failure to file a timely affidavit of indigence. Briley-Holmes did not file any opposition to Hill's motion and did not request a hearing.[2] On August 31, 2018, the trial court denied Hill's motion without explanation. This cross-appeal followed.

Although OCGA § 5-6-48 (c) gives a "safe harbor" of 20 days (exclusive of Saturdays, Sundays, and legal holidays) in which a party may pay costs or file an affidavit of indigence, this Court has long held that "'a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable.'" *Leonard*, 201 Ga. App.

---

[2] See Uniform Superior Court Rule 6.3 ("Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict"); *Worley v. Winter Const. Co.*, 304 Ga. App. 206, 208 (2) (695 SE2d 651) (2010) ("Under USCR 6.3, a motion to dismiss can be decided without oral hearing").

4

at 261, quoting *Unifund General v. Orr*, 191 Ga. App. 836, 837 (1) (383 SE2d 199) (1989); see also *Bouldin v. Parker*, 173 Ga. App. 526, 526 (1) (327 SE2d 760) (1985). "[An] inference arising from [a] more than 30 day delay in paying costs is not conclusive and may be rebutted by evidence presented by an opposing party," which would raise a factual issue to be resolved through an exercise of the trial court's "broad discretion." (Citations omitted.) *Leonard*, 201 Ga. App. at 261. But a party seeking to appeal a judgment who waits more than 30 days to pay costs or to file an affidavit of indigence must provide an "explanation for the delay" in order to avoid dismissal. Id.

This notice of costs was received at Briley-Holmes's last known address on April 26,[3] and she filed her affidavit of indigence on June 11. "A refusal to accept a letter delivered to the proper address with adequate postage is the equivalent of receipt of notice." See *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (1992) (whole court) (under OCGA § 5-6-48 (c), a notice of costs mailed by a trial court created a rebuttable presumption that counsel had received the notice).

---

[3] The fact that the letter was eventually returned as "unclaimed" does not contradict the evidence that it was stamped as received on April 26.

5

Here, 46 days passed between Briley-Holmes's constructive receipt of notice at her old address and the filing of her affidavit of indigence – a delay, "prima facie unreasonable and inexcusable[,]" for which she has provided no explanation, either below or on appeal. *Leonard*, 201 Ga. App. at 261; see also *Crenshaw*, 202 Ga. App. at 611 (in the absence of rebuttal evidence that plaintiff's counsel did not receive a letter, "the presumption stands" that she did receive it). "In view of the more than 30 day delay in the payment of costs and the absence of any evidence as to why the delay occurred, the trial court was not authorized to exercise its discretion and deny the motion to dismiss [Briley-Holmes's] notice of appeal." *Leonard*, 201 Ga. App. at 261. Because Briley-Holmes provided the trial court no explanation or evidence as to the delay, the trial court had nothing upon which it could exercise discretion. We therefore reverse the denial of Hill's motion to dismiss this appeal. Id.; see also *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005) (in an absence of any explanation for a 57-day delay from receipt of a trial court's notice concerning an appellant's costs to the payment of those costs, the trial court erred in denying a motion to dismiss the appeal).

In light of the foregoing, we dismiss Case No. A19A0352, which addresses the merits of the trial court's contempt order, as moot.

6

*Judgment reversed in Case No. A19A0532; appeal dismissed in Case No. A19A0352. McFadden, P. J., and McMillian, J., concur.*

7