**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 27, 2023**

# In the Court of Appeals of Georgia

A22A1371. SANDERWALA, LLC v. BILES.

DOYLE, Presiding Judge.

Sanderwala, LLC, appeals from the trial court's order dismissing Sanderwala's primary appeal for failure to timely pay appellate costs. Sanderwala argues that the trial court clerk did not send the appeal costs invoice by certified or registered mail, and therefore the trial court erred in dismissing the appeal. For the reasons set forth infra, we affirm.

"When making factual determinations based upon evidence presented at a hearing on the question of dismissal, the trial court is vested with broad discretion to decide whether the appeal should be dismissed."[1] So viewed, the record shows the

---

[1] (Citation and punctuation omitted.) *Webb's Erection v. Colonial Pacific Leasing Corp.*, 345 Ga. App. 202 (1) (812 SE2d 602) (2018).

following. In May 2020, Douglas Biles filed a quiet title action against Sanderwala seeking to remove a security deed on a property Biles had purchased through a foreclosure sale. Sanderwala filed a motion for summary judgment, and while the motion was pending, the parties engaged in settlement negotiations via e-mail. Sanderwala asked for $156,000 in exchange for cancelling the security deed, which Biles agreed to. As the parties sought to finalize the settlement agreement, Sanderwala requested the inclusion of a confidentiality clause. Biles responded that he would only include the confidentiality provision for a $25,000 reduction of the settlement amount. Sanderwala then communicated that it was no longer interested in a settlement.

Biles filed a motion to enforce settlement in the trial court. He contended that Sanderwala's original offer to settle and Biles's acceptance of that offer constituted a binding settlement. After a hearing, the trial court granted Biles's motion to enforce settlement. Sanderwala filed a notice of appeal from that ruling in September 2021.

The trial court clerk sent the statement of appeal costs to Sanderwala on December 1, 2021. On January 28, 2022, Biles filed a motion to dismiss the appeal for failure to pay costs. Sanderwala responded to the motion on February 28, 2022. Sanderwala contended that it never received the invoice from the trial court clerk.

2

Sanderwala's counsel stated that he had advised Sanderwala to send payment as soon as he learned of the lapse. However, Sanderwala's principal was out of the country and without Internet. According to Sanderwala's response, Sanderwala attempted to pay the costs on February 28, but the court clerk refused to accept the payment due to the pending motion to dismiss the appeal.

The trial court held a hearing, which was not transcribed, and the court granted the motion to dismiss the appeal. The court reasoned that the delay was "prima facie unreasonable and inexcusable based on [Sanderwala's] failure to remain in contact with its attorney" and that Sanderwala failed to present sufficient evidence rebutting this presumption. This appeal from that dismissal order followed.

"We review a trial court's ruling on a motion to dismiss an appeal pursuant to [OCGA § 5-6-48 (c)] under an abuse of discretion standard."[2] As noted above, "the trial court is vested with broad discretion to decide whether the appeal should be dismissed."[3] With these guiding principles in mind, we now turn to Sanderwala's claims of error.

---

[2] (Citation and punctuation omitted.) *Webb's Erection*, 345 Ga. App. at 202.

[3] (Citations and punctuation omitted.) Id.

1. Sanderwala argues that the trial court erred in granting the motion to dismiss the appeal. Sanderwala contends that it never received the invoice from the trial court clerk. Sanderwala also argues that the clerk admitted that she had sent the invoice by regular mail and that OCGA § 5-6-48 (c) required the clerk to send the invoice by certified or registered mail.

Under OCGA § 5-6-48 (c):

> No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

4

"[A] delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable. However, this inference may be rebutted by evidence presented by the appealing party."[4]

Here, Sanderwala points to an e-mail exchange with the trial court clerk to show that the clerk did not send the invoice by registered or certified mail, as Sanderwala contends the clerk was required to do under OCGA § 5-6-48 (c). However, as the hearing was not transcribed, it is unclear whether Sanderwala raised or presented evidence regarding this argument before the trial court.[5] Indeed, the e-mail exchange with the trial court clerk took place several weeks after the trial court's order dismissing the appeal, and was submitted as part of the appellate record after the court's ruling. "[B]ecause the appellate record does not contain a transcript of the hearing on the motion to dismiss the appeal, we presume that the evidence presented at that hearing supported the trial court's finding."[6]

---

[4] *Langdale Co. v. Langdale*, 295 Ga. App. 372, 374 (671 SE2d 863) (2008).

[5] See *Heard v. City of Villa Rica*, 306 Ga. App. 291, 293 (1) (701 SE2d 915) (2010) ("[O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court.") (citation and punctuation omitted).

[6] (Citation and punctuation omitted.) *Webb's Erection*, 345 Ga. App. at 204 (1).

5

Even assuming arguendo that Sanderwala raised this argument before the trial court, this Court has previously rejected the contention that a trial court clerk must send an invoice via certified or registered mail before a party must pay costs.[7] And the trial court relied on the additional fact that, even after Biles filed his motion to dismiss the appeal, Sanderwala still did not attempt to timely pay costs because of "[Sanderwala's] failure to remain in contact with its attorney and . . . keep up with the status of the appeal."

For these reasons, we affirm the trial court's dismissal of the appeal.

2. Sanderwala also argues that the trial court erred in: granting the motion to enforce settlement; declining to rule on Sanderwala's motion for summary judgment; and granting a motion to withdraw filed by Sanderwala's previous counsel. Given our holding in Division 1 that the trial court did not abuse its discretion in dismissing the primary appeal, we do not reach the merits of the dismissed appeal.[8]

---

[7] See *Neese v. Long*, 178 Ga. App. 105, 108 (341 SE2d 861) (1986) ("We find in [OCGA § 5-6-48 (c)] no specific intent or requirement that costs need only be paid if the clerk sends notice by registered or certified mail."); see also id. at 109-110 (Carley, J., concurring specially) (concluding that if the trial court clerk does not send the invoice by registered or certified mail, then the 20-day saving provision is never activated).

[8] See *Premier Pediatric Providers v. Kennesaw Pediatrics*, 365 Ga. App. 351, 358 (2) (878 SE2d 588) (2022); *ACCC Ins. Co. v. Pizza Hut of America*, 314 Ga.

*Judgment affirmed. Hodges, J., and Senior Appellate Judge Herbert E. Phipps*

*concur*.

---

App. 655, 660 (725 SE2d 767) (2012). We previously dismissed the primary appeal in this case as docketed in error because we docketed the case after the trial court had already dismissed the appeal. See *Sanderwala v. Biles*, Case No. A22A1251 (June 21, 2022).